## TERRITORY OF HAWAII *v.* KOA GORA.

### Nos. 2547 and 2548.

Submitted August 25, 1944.   Decided September 14, 1944.

Kemp, C. J., Peters and Le Baron, JJ.

The defendant in the circuit court on appeal from the district court was tried, jury waived, and found guilty of two offenses: lascivious conduct and selling intoxicating liquor without a license. The cases were consolidated for trial and the instant writs are combined for appellate review.

The assignments of error upon which the defendant relies attack the sufficiency of the charges made in the circuit court by alleging that neither charge informed the defendant with adequate particularity of the "nature and cause of the accusation" as required by the Sixth Amendment of the Constitution, thereby failing to safeguard him against being "twice put in jeopardy" as provided by the Fifth Amendment; further, that neither stated "an offense against the laws of the Territory."

At the outset it must be noted that the defendant did not include or describe the assailed charges in his assignments and that the record does not disclose them. Hence his assignments, dealing exclusively with their form and substance, are incomplete and present no precise point of law. However, any failure to qualify as an assignment of error within the meaning of Revised Laws of Hawaii 1935, section 3557 (see *Zen* v. *Koon Chan*, 27 Haw. 369; *Territory* v. *Yoon*, 36 Haw. 550), is not raised by the Territory. Its theory, as well as that of the defendant, is that charges were read in the circuit court from the district magistrate's notice and certificate of appeal. Consequently, while not condoning the loose practice suggested thereby, this court in the absence of anything to the contrary adopts the theory of counsel that such occurred, rather than *sua sponte* refuse to consider the assignments upon the theory that other charges from newly entered informations were made in accordance with the better practice. The charges, thus taken to be the subject of the assignments, read as follows: (1) "That KOA GORA, at Honolulu, City and

County of Honolulu, Territory of Hawaii, on the 6th day of July, A. D. 1943, did do that which was lewd and lascivious in conduct, contrary to Section 6253 of the Revised Laws of Hawaii, 1935," and (2) "That KOA GORA, at Honolulu, City and County of Honolulu, Territory of Hawaii, on the 6th day of July, A. D. 1943, did wilfully and unlawfully sell one pint bottle of intoxicating liquor without first having obtained a license so to do, and did then and there and thereby violate the provisions of Section 2630 of Chapter 82 of the Revised Laws of Hawaii, 1935."

Regarding the first charge, the defendant claims that the statutory prohibition against "lascivious conduct" invokes the offense as it was known to the common law, the conception of which he maintains limited the offense to a public demonstration toward a person of the opposite sex. Upon such a premise the defendant assigns as error the trial judge's finding of guilt in that the charge by not setting out these limitations either omitted essential elements of the offense charged or did not state an offense against the laws of the Territory, and further, granting the charge to be sufficient, the evidence did not prove an offense in that the proof was directed toward acts which involved a person of his own sex and were not committed in a public place. In short, the defendant attempts to posit the efficacy of his contention upon the familiar rule that where one of our statutes (there being no common-law crimes in this jurisdiction) provides punishment for an act which would be a crime at common law and describes that act in general terms, resort may be had to the common law to ascertain the meaning of the statute. (See *Territory* v. *Scully*, 22 Haw. 618.)

At common law the offense of lascivious conduct was that of a common nuisance where "all scandalous and open breaches of morality exhibited in the face of the people"

were indictable. (1 East's Pl. Cr., c. 1, § 1, p. 3; see *Sedley's* case, 1 Sid. 168; *conf.*, *R.* v. *Crunden*, 2 Camp. 89, Hawkins' Pl. Cr., Curwood's ed. bk. 1, c. 26, p. 358.) So at common law in order to charge and establish the offense it was necessary to show an affront against the decency and morality of the public rather than an injury to but one person. This was accomplished by pleading and proving a behavior committed in an open and public place in the presence of divers persons. (See *Regina* v. *Watson*, 2 Cox's Cr. L. Cas. 376; *Regina* v. *Webb*, 1 Den. 338 [169 Eng. Rep. R. 271]; *Commonwealth* v. *Wardell*, 128 Mass. 52.)

In contradistinction, section 6253 of the Revised Laws of Hawaii 1935 (Penal Code 1850, c. XIII, § 6), contains no import whatsoever of a publicly committed crime and none of the requirements of the charge at common law. It simply makes punishable "Any man or woman who is guilty of lewd conversation, lascivious conduct, or libidinous solicitations," without regard to whether such was committed in public or in private. On the other hand, in the same code as that in which section 6253, *supra*, was originally enacted, the legislature also for the first time enacted a statute which defined the offense of common nuisance by a concept comparable to that of the common law. It expressly gave "open lewdness or lascivious behavior, or indecent exposure" as examples and provided a more severe penalty for "whoever is guilty" of that offense than it did for the other, which has been maintained to the present day. (See Penal Code 1850, c. XXXVII, §§ 1, 10, now R. L. H. 1935, §§ 5700, 5709.) Thus the legislature prescribes one punishment for unqualified lascivious conduct and another and greater punishment for an open lascivious behavior offensive to the public. In brief, the statutes deal with cognate subjects. They are not inconsistent or in conflict but attain different prohibitory objectives, the

*malum prohibitum* of one being the bare conduct of lasciviousness and the other an injury to the public itself as the gravamen of open lasciviousness.

Such comparison is not only illustrative of the apparent certainty of purpose of the statute under consideration but is also an intrinsic aid in determining the true legislative intent, the gist of the defendant's contention being that the legislature intended to create and prohibit the same offense and behavior twice in the same code. Such a construction not only would tend to violate the doctrine of *pari materia* but would make the enactment of section 6253, *supra*, an empty gesture contrary to its spirit and reason. A rational interpretation in considering the effect of these penal statutes would be that their legislative purpose was to remedy effectively certain evils, existing or anticipated, by creating two distinct offenses within a uniform system of law.

The specific language of section 6253, *supra*, constitutes, however, the primary source from which its legislative intent and meaning must be ascertained to establish the law of that particular statute. In this connection the defendant argues that the words "lascivious conduct," descriptive of the offense, amount to a general term within the rule of statutory construction. Such an argument is basically unsound for the reason that the designated words are not of doubtful significance nor are they ambiguous, uncertain, indefinite, technical, or words of art having a special sense at common law. On the contrary, whenever and wherever used together as an expression they have a constant and universally accepted meaning, reflected by definition in dictionaries of the English language from the time of the common law to the present day and connoting a behavior that is wanton, lewd, or lustful, and acts tending to produce lustful emotions. Thus were employed words which by their well-defined meaning, together with

the unqualified and plain language of the statute, are expressive of a legislative intent to create an offense complete in itself and coextensive with the common parlance of the very words describing it, the language neither containing hidden ambiguities nor producing manifest injustice or absurdity. Nevertheless, in view of the defendant's argument, it is proper to point out that these words and the descriptives of their definition do not specify or even infer, or for that matter have never specified or inferred as far as we can ascertain, that to constitute the prohibited conduct it must be performed in public or directed toward a person of the opposite sex.

In view of the foregoing the construction urged by the defendant is clearly an improper and strained one. It cannot logically be sustained nor is there any need to draw on the common law to determine legislative intent. Indeed to do so would be of no avail, the unmodified words which the defendant questions having no meaning peculiar to the common law. The limitations, therefore, relating to an offense at common law and sounding in common nuisance (the concept of which is utterly foreign to that of section 6253, *supra*) have no place whatsoever in the understanding of the statute nor are they essential elements of the offense created by it. Hence they need not be pleaded to confer jurisdiction or proved to establish guilt.

As to the charge under section 2630 of the Revised Laws of Hawaii 1935, the defendant, although asserting an alleged failure to state an offense against the laws of the Territory, does not argue this jurisdictional point or cite authorities to support it. For this reason he is deemed to have abandoned it. Nevertheless, we have examined the record and do not find it well-raised. Suffice it to say that the charge, although meagre in its language, was sufficient to confer jurisdiction of an offense in all its essential elements against the laws of the Territory, it clearly

accusing the defendant of having committed the misdemeanor of selling intoxicating liquor without a license, contrary to the statutory provisions of chapter 82, section 2630, *supra*.

Finding, as this court does, that both charges sufficiently set forth elements essential to the offenses charged in substantial conformity with the statutes and clearly state offenses against the laws of the Territory, it is of the opinion that no error of defect injuriously affecting the defendant's substantial rights is present in either charge within the purview of Revised Laws of Hawaii 1935, section 3563. Further, assuming *arguendo* that the defendant was entitled to more particularity, that right is deemed to have been waived and therefore he cannot be heard, after plea and conviction upon substantial evidence of guilt, to assert it for the first time on appeal, the record conclusively showing that the defendant not only took no advantage of any statutory procedure provided for his benefit but also proceeded through the entire period of trial without objecting to the charges in the lower court or calling their alleged insufficiencies in any way to the attention of the trial judge or prosecuting attorney.

The assignments of error therefore are overruled, the writs denied and the judgments below sustained.

*E. J. Botts* and *F. Patterson* for plaintiff in error.

*W. Z. Fairbanks*, Public Prosecutor, and *J. E. Parks*, Assistant Public Prosecutor for the Territory.