STATE OF HAWAII, Plaintiff-Appellee, *v.* ROBERT RALPH GUTIERREZ, Defendant-Appellant

NO. 6541

OCTOBER 17, 1980

PADGETT, ACTING C.J., BURNS, J. AND CIRCUIT JUDGE CHANG IN PLACE OF CHIEF JUDGE HAYASHI, DISQUALIFIED

*Per Curiam.* This is an appeal from a conviction of murder at a jury-waived trial. Appellant urges three errors: prejudicial misconduct by the prosecutor, prejudicial error in permitting the prosecution to impeach one of its own witnesses, and ineffective assistance of counsel. For the reasons stated below, we hold against appellant and affirm.

The murder in question occurred in Kaimuki on the evening of March 9, 1976. The decedent was in a house at 1117 15th Avenue, helping make laulaus when the appellant approached the house and, after talking first to Carla Ann Pieper and then to Fred Pieper, caused Fred to call the decedent out onto the driveway. Appellant and decedent talked for a moment and then proceeded across the street. Immediately thereafter, the decedent was gunned down in a fusillade of shots.

Tony Quebetay, one of the witnesses, testified that he saw flashes indicating a gun being shot by a man he identified as the appellant although he did not see his face. He testified that the gunman ran in a makai direction. Carla Pieper saw a person running in a makai direction immediately after the shooting and identified that person as the appellant. She also identified one Aluli Cummings as a person who ran from the scene of the shooting in the mauka direction.

Aluli Cummings was arrested with appellant and charged with the murder but shortly after being charged, he allegedly committed suicide in Haleiwa at the poolhall of John Chong, one of the witnesses called by the prosecution, who had been closely associated with appellant and Aluli Cummings as a friend and possibly an employer.

At trial, the prosecutor called John Chong as a witness. Chong evidenced obvious hostility to the prosecution and the prosecutor was permitted by the court to treat him as a hostile witness. At the conclusion of the trial, the court found the appellant guilty of murder.

Appellant contends that it was presecutorial misconduct amounting to a violation of his constitutional right to a fair trial for the prosecutor to call John Chong and ask him the questions he did. He contends the only purpose was to drag in to the trial the prejudicial innuendo that the murder was some-

how linked to gangland activities. Appellant further contends that it was error for the court below to allow the prosecutor to treat Chong as a hostile witness over objection.

The questioning of Chong was, as the prosecutor admitted, an attempt to show a connection between what the prosecutor claimed was Chong's organization and the murder. It is obvious that the prosecutor was not surprised by Chong's testimony and was asking the questions as, at best, a shot in the dark hoping for a lucky hit on target. Had this been a jury trial, the innuendos arising from the prosecutor's questions in a setting where he had every reason to expect unfavorable answers or evasions from Chong would trouble us from a standpoint of fairness.

The trial, however, was jury-waived and the normal rule is that if there is sufficient competent evidence to support the judgment or finding below, there is a presumption that any incompetent evidence was disregarded and the issue determined from a consideration of competent evidence only. *See* note 116 A.L.R. 558 *et seq.;* 76 Am.Jur.2d *Trials* § 1242. The same rule applies with even more force to what are claimed innuendos arising from questions rather than answers in evidence.

For the same reasons, we hold that permitting the prosecution to treat the witness as hostile cannot, under these circumstances, be deemed to have influenced the court in reaching its result. Accordingly, appellant's position on the first two issues is without merit.

Appellant's third contention is that he lacked the effective assistance of counsel at trial. In support of this, he alleges that defense counsel did not pursue the cross-examination of the identification witnesses vigorously enough, that he waived opening argument and spent only 5 minutes in closing argument and that he did not object to the questions directed to the witness Chong or the ruling that he could be considered hostile.

As the Supreme Court of this State said in *State v. Antone*, 62 Haw. 346, 348-49, 615 P.2d 101 (1980):

> The burden of establishing ineffective assistance of counsel rests upon the appellant. . . . His burden is

> twofold: First, the appellant must establish specific errors or omissions of defense counsel reflecting counsel's lack of skill, judgment or diligence. . . . Second, the appellant must establish that these errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense.

Moreover, as the court in *Antone* pointed out, defense counsel's tactical decisions at trial generally will not be questioned by a reviewing court. *Id*. at 352.

As to the cross-examination of the identification witnesses, obviously, trial counsel must make a tactical decision as to how deeply to go into unfavorable evidence on cross-examination since the effect may only be to emphasize the unfavorable testimony. Defense lawyers often waive opening statements. That is a tactical decision and the length of a closing argument is, again, a tactical decision dependent upon the circumstances of the case. As to the lack of objections with respect to Chong, since it must be presumed that Chong's testimony, together with the innuendos, did not influence the court below, the failure to object cannot be said to have had any deleterious effect upon the case.

Appellant argues, however, that while any of the foregoing matters standing alone might not be enough to indicate that there was ineffective assistance of counsel, the record viewed as a whole does establish that fact. We cannot agree. We cannot say that counsel's approach of not stubbornly attacking evidence which he could not contradict and instead relying on the physical evidence as to the bullets' trajectory for a defense was one which would not, in the circumstances of this case, have been chosen by competent counsel.

Appellant having failed to meet the tests laid down in *Antone, supra*, to establish that the assistance of counsel at trial was ineffective, the judgment below is affirmed.

*Calvin J. Fukuhara*, Deputy Public Defender, for defendant-appellant.

*Wayne H. Tashima*, Deputy Prosecuting Attorney, for plaintiff-appellee.