STATE OF HAWAII, Plaintiff–Appellee, v. MICHAEL H. WALLACE, Defendant–Appellant

NO. 14124

(CR. NO. 88–1513)

NOVEMBER 8, 1990

PADGETT, ACTING C.J., HAYASHI, WAKATSUKI, AND MOON, JJ., AND INTERMEDIATE COURT OF APPEALS CHIEF JUDGE BURNS, IN PLACE OF LUM, C.J., RECUSED

OPINION OF THE COURT BY WAKATSUKI, J.

Following a bench trial, Defendant Michael H. Wallace was convicted of first degree burglary. Hawaii Revised Statutes (HRS) § 708–810(1)(c) (1985).

Defendant did not concede that he committed the burglary in question. Prior to trial, however, he filed a notice of intention to rely on the defense of mental irresponsibility. In accordance with HRS § 704–404 (1985 and Supp. 1989), a panel of examiners was appointed to examine and report on Defendant's physical and mental condition.

At the close of the State's case, the defense moved for judgment of acquittal which was denied. Thereafter, four experts testified as to Defendant's mental condition. Although all agreed that Defendant had a frontal lobe dysfunction, they disagreed as to whether this substantially impaired Defendant's ability to appreciate the wrongfulness of his conduct.

The prosecutor asked these experts what Defendant had told them about the burglary with which he was charged. For example,

the prosecutor asked Dr. Knight whether Defendant indicated whether or not he was under the influence of drugs at the time the burglary was committed, whether Dr. Knight and Defendant talked about the burglary, and what Defendant had related to Dr. Knight about the burglary. To Dr. Altman, the prosecutor posed the question whether Defendant was able to remember the burglary incident. Over defense objection, the trial court permitted the questions for the limited purpose of explaining Defendant's mental condition. Defendant contends on appeal that this constituted reversible error. We agree.

According to the State, the questions were asked not for the purpose of establishing the fact that Defendant committed the burglary, but rather to test the experts' foundations and findings of Defendant's capacity or lack of capacity. For this reason, the trial court held that Defendant's statements to the experts were admissible on the issue of Defendant's mental condition.

The plain reading of HRS § 704–416 (1985) convinces us that the trial court erred. It provides:

> **Statements for purposes of examination or treatment inadmissible except on issue of physical or mental condition.** A statement made by a person subjected to examination or treatment pursuant to this chapter for the purposes of such examination or treatment shall not be admissible in evidence against him in any penal proceeding on any issue other than that of his physical or mental condition, but it shall be admissible upon that issue, whether or not it would otherwise be deemed a privileged communication, *unless such statement constitutes an admission of guilt of the offense charged.* (Emphasis added.)

The last clause of the statute is explicit that if a statement is an admission of guilt, then it is not admissible, even on the issue of

Defendant's mental condition. The Commentary on § 704-416 states:

> The final clause of this section provides that any statement made for the purpose of examination and treatment pursuant to this chapter, which constitutes an admission of guilt of the offense charged, in addition to being inadmissible on other issues, will also not be admissible in evidence on the issue of defendant's mental or physical condition.

"It is a cardinal rule of statutory construction that courts are bound, if rational and practicable, to give effect to all parts of a statute, and that no clause, sentence, or word shall be construed as superfluous, void, or insignificant if a construction can be legitimately found which will give force to and preserve all words of the statute." *Camara v. Agsalud*, 67 Haw. 212, 215–16, 685 P.2d 794, 797 (1984). Obviously, the State and trial court would treat the last clause of HRS § 704–416 as superfluous and void contrary to the rule of statutory construction.

Although no one testified that Defendant said, "I admit I committed the burglary," it cannot be seriously contended that the questions asked by the prosecutor did not elicit what would clearly be admissions of Defendant's guilt. We hold that Defendant's statements made to the experts about the burglary which amounted to confessions were inadmissible.

We recognize that HRS § 704–416 is incompatible with Rule 702.1, Hawaii Rules of Evidence, which permits an expert to be examined about the facts and data underlying his or her opinion. "Where a plainly irreconcilable conflict exists between a law of general application and a law of specific application concerning the same subject matter, the specific authority will be favored." *State v. Greyson*, 70 Haw. 227, 235, 768 P.2d 759, 763–64. Here, HRS § 704–416 which specifically precludes the admission of

Defendant's statements to the experts overrides Rule 702.1, HRE, a rule of general application.

The State's other arguments are without merit. Defendant's conviction is vacated and this case is remanded for a new trial.

*Peter Van Name Esser* of Peterson & Esser for defendant–appellant.

*Vickie L. Silberstein,* Deputy Prosecuting Attorney, for plaintiff–appellee.

## DISSENTING OPINION BY MOON, J., IN WHICH HAYASHI, J., JOINS

I respectfully dissent from the result reached by the majority in this case. I agree that under HRS § 704–416 it was error for the trial court to allow into evidence defendant's statements to his mental examiners which constituted admissions of guilt of the offense charged. Nevertheless, I find that such error was in this instance harmless. There was overwhelming evidence of defendant's guilt excluding the confessions. We may presume, moreover, that the trial court disregarded any incompetent evidence.

As defendant admits, his primary defense at trial was mental irresponsibility. On appeal, he asserts that identification was a secondary defense. Defendant points out that he did not admit committing the burglary with which he was charged. He argues that before his mental examiners took the stand, there had been little solid evidence connecting him to the burglary. However, the latter contention is belied by the evidence. The state's case in chief included testimony by the victim in which he explained how he positively identified defendant as the man he saw in his home at the time of the burglary. The victim related how he shone his

flashlight on the intruder and clearly saw his face. In addition, a police officer described the sequence of events leading to the victim's identification of defendant. The officer testified that the victim gave a physical description of the burglar and of the van used by the burglar. Based upon the victim's detailed description and the officer's previous encounters with the defendant, the officer immediately suspected him. Defendant was apprehended a short time after the burglary and the victim then picked defendant from a lineup and recognized his vehicle as the van he had earlier described to the officer. This evidence alone clearly supports the trial court's finding that defendant was guilty beyond a reasonable doubt.

Moreover, because this case was tried by a judge and not a jury, "if there is sufficient competent evidence to support the judgment or finding below, there is a presumption that any incompetent evidence was disregarded and the issue determined from a consideration of competent evidence only." *State v. Gutierrez*, 1 Haw. App. 268, 270, 618 P.2d 315, 317 (1980); *see also State v. Rivera*, 62 Haw. 120, 128, 612 P.2d 526, 532 (1980) (where overwhelming evidence tends to show defendant guilty beyond a reasonable doubt, errors in admission or exclusion of evidence deemed harmless). Trial courts are regularly called upon to separate competent from incompetent evidence, and we must give due deference to their ability to make such a separation. The record in this case does in fact reflect the trial court's specific awareness that defendant's confessions could not be admitted for the purpose of proving defendant's commission of the burglary in question.[1] I would find

---

[1] At one point in the trial, the prosecuting attorney asked Dr. Knight, one of defendant's mental examiners and a defense witness, "[d]id you talk about how the burglary was committed with Mr. Wallace?" When she answered, "[y]es," defense counsel objected on the ground that the prosecutor was trying to "fish out admissions." The court ruled "[a]s it relate[s] to Dr. Knight's conclusion here [on

that the competent evidence was substantial and supported the trial court's determination that defendant was guilty of the offense charged. Therefore, any error committed by the trial court in allowing testimony of defendant's admissions was harmless.

I would uphold the conviction.

---

the issue of defendant's mental capacity], I will allow it, otherwise I will sustain the objection." Tr. 6/19/89 at 86. Thus, although the trial court erroneously admitted defendant's confessions as part of the bases for the experts' opinions, clearly the court knew that such statements could not be considered when deciding the issue of defendant's guilt.