63 P.3d 1109

**STATE of Hawai'i, Plaintiff–Appellee,**

v.

**Craig Neal CUMMINGS, Defendant–Appellant.**

**No. 23905.**

Supreme Court of Hawai'i.

Feb. 24, 2003.

Robert D.S. Kim, on the briefs, for the defendant-appellant Craig Neal Cummings.

Linda L. Walton, Deputy Prosecuting Attorney, on the briefs, for the plaintiff-appellee State of Hawai'i.

LEVINSON and ACOBA, JJ., and Intermediate Court of Appeals Judge LIM, assigned by reason of vacancy, and MOON, C.J., dissenting, with whom NAKAYAMA, J., joins.

Opinion of the Court by LEVINSON, J.

The defendant-appellant Craig Neal Cummings appeals from the September 20, 2000 judgment of conviction and sentence of the district court of the third circuit, the Honorable Joseph P. Florendo presiding, convicting him of and sentencing him for the offenses of driving under the influence of intoxicating liquor (DUI), in violation of HRS § 291–4(a)(1) (Supp.1998),[1] operating a vehicle with-

1. HRS § 291–4(a)(1) provided that:

A person commits the offense of driving under the influence of intoxicating liquor if ... [t]he person operates or assumes actual physical control of the operation of any vehicle while under the influence of intoxicating liquor, meaning that the person concerned is under the influence of intoxicating liquor in an amount sufficient to impair the person's normal mental faculties or ability to care for oneself and guard against casualty[.]

The offense of operating a vehicle under the influence of an intoxicant has been recodified as HRS § 291E–61, effective January 1, 2002, and amended in respects not pertinent to the present matter. *See* 2000 Haw. Sess. L. Act 189, §§ 23

out no-fault insurance, in violation of HRS § 431:10C–104(a) (Supp.1998), and operation of a motor vehicle without a certificate of inspection, in violation of HRS § 286–25 (1993). Cummings urges this court to. reverse his DUI conviction and sentence on the bases that the district court erred: (1) in denying his oral motion to dismiss the DUI charge and/or for judgment of acquittal at the conclusion of the prosecution's case-in-chief because the charge, as set forth in the complaint, failed to allege the material elements of DUI; (2) in admitting the testimony of Michael Beshoner, M.D., regarding his treatment of Cummings following the accident because the testimony was privileged pursuant to Hawai'i Rules of Evidence (HRE) Rule 504 (1993); and (3) in finding that the vehicle that Cummings was operating crossed into the opposite lane of travel, notwithstanding evidence presented by the defense to the contrary.

For the reasons discussed *infra*, we hold that the district court erred in denying Cummings's motion to dismiss Count I of the complaint on the basis that it failed to allege the material elements of DUI. Because the foregoing is outcome dispositive of the present appeal, we do not address Cummings's other· points of error. Accordingly we reverse Cummings's conviction of and sentence for DUI.[2]

## I. *BACKGROUND*

On August 11, 1999, the prosecution charged Cummings by complaint with DUI, in violation of HRS § 291–4(a)(1) (Count I), *see supra* note 1, negligent injury in the third degree, in violation of HRS § 707–706(1) (1993) (Count II), operating a vehicle without no-fault insurance, in violation of HRS § 431:10C–104(a) (Count III), and operation of a motor vehicle without a certificate of inspection, in violation of HRS § 286–25 (Count IV). Count II of the complaint was subsequently dismissed with prejudice, and, on August 16 and September 20, 2000, the district court conducted a bench trial with

respect to the remaining charges, in the course of which the prosecution adduced the following evidence.

On March 11, 1999, Cummings was driving a jeep on Palani Road in the County of Hawai'i when his vehicle crossed the center line and collided head-on with a vehicle driven by Tavita Laasaga. Randall Acquino, a passenger in Laasaga's car, exited the vehicle and approached Cummings's jeep, whereupon Cummings apologized to Acquino. Acquino noticed that Cummings was slurring his speech and smelled "a lot of liquor" on Cummings's breath.

Hawai'i County Police Department (HCPD) Officer Robert Sakata arrived at the scene shortly thereafter and noticed that Cummings's eyes were bloodshot and glassy, that his speech was slurred, that he appeared as if he was "in a daze," and that there was a "very strong" "odor of alcoholic beverage on his breath." Hawai'i County Firefighter Mark Evans, who also arrived at the scene shortly after the accident, found Cummings to be conscious but uncooperative and likewise noticed "a strong odor of alcohol" on Cummings's breath.

Cummings was subsequently transported to Kona Community Hospital (KCH) where Dr. Beshoner, a physician certified in emergency medicine, treated him for his injuries. Dr. Beshoner noted that Cummings "had a strong smell of alcohol on the breath, was acting belligerent and uncooperative, and appeared ... to be clinically ... intoxicated."

At trial, both Acquino and Laasaga testified on behalf of the prosecution that Cummings's jeep had crossed the center line of Palani Road and had collided with their vehicle. In addition, HCPD Officer Bradley Freitas testified that his investigation of the scene, including the accident debris field, indicated that the collision had occurred in Laasaga's lane of travel. James Mitchell, however, testified for Cummings as an expert in the field of accident reconstruction, that Laasaga's vehicle had crossed into Cum-

---

and 30 at 425–26, 432; 2001 Haw. Sess. L. Act 157, § 25 at 397–98.

**2.** We affirm the district court's judgment with respect to the infractions of HRS §§ 431:10C–

104 and 286–25, inasmuch as Cummings does not challenge those elements of the judgment on appeal.

mings's lane of travel, although he admitted that he had not viewed the scene of the accident until after the debris had been removed.

At the conclusion of the prosecution's case-in-chief, Cummings orally moved to dismiss and/or for judgment of acquittal with respect to the DUI charge, on the basis that Count I of the complaint had failed to state a material element of the offense.

Count I stated:

On or about the 11th day of March 1999, in Kona, County and State of Hawai'i, Craig Neal Cummings did operate or assume actual physical control of the operation of a vehicle while under the influence of intoxicating liquor, thereby committing the offense of Driving Under the Influence of Intoxicating Liquor, in violation of Section 291–4(a)(1), Hawai'i Revised Statues, as amended.

Cummings argued that the complaint failed to allege that he was under the influence of intoxicating liquor *"in an amount sufficient to impair the person's normal mental faculties or ability to care for oneself and guard against casualty* [,]" as required by HRS § 291–4(a)(1), *see supra* note 1. (Emphasis added.) The district court denied the motion, but allowed the prosecution to amend Count I to add the missing language.

At the conclusion of the trial on September 20, 2000, the district court found Cummings guilty as charged.

## II. *STANDARD OF REVIEW*

■ " 'Whether [a complaint] sets forth all the essential elements of [a charged] offense ... is a question of law,' which we review under the *de novo*, or 'right/wrong,' standard." *State v. Merino*, 81 Hawai'i 198, 212, 915 P.2d 672, 686 (1996) (quoting *State v. Wells*, 78 Hawai'i 373, 379, 894 P.2d 70, 76 (1995)) (some brackets added and some in original).

## III. *DISCUSSION*

■ It is well settled that an "accusation must sufficiently allege all of the essential elements of the offense charged," a requirement that "obtains whether an ac-

cusation is in the nature of an oral charge, information, indictment, or complaint[.]" *State v. Jendrusch*, 58 Haw. 279, 281, 567 P.2d 1242, 1244 (1977)[; *accord State v. Israel*, 78 Hawai'i 66, 69–70, 890 P.2d 303, 306–07 (1995); *State v. Elliott*, 77 Hawai'i 309, 311, 884 P.2d 372, 374 (1994) ]. Put differently, the sufficiency of the charging instrument is measured, *inter alia*, by "whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he [or she] must be prepared to meet[.]" *State v. Wells*, 78 Hawai'i 373, 379–80, 894 P.2d 70, 76–77 (1995) (citations and internal quotation marks omitted) (brackets in original). "A charge defective in this regard amounts to a failure to state an offense, and a conviction based upon it cannot be sustained, for that would constitute a denial of due process." *Jendrusch*, 58 Haw. at 281, 567 P.2d at 1244 (citations omitted).

*Merino*, 81 Hawai'i at 212, 915 P.2d at 686 (some brackets added and some in original). In other words, an oral charge, complaint, or indictment that does not state an offense contains within it a substantive jurisdictional defect, rather than simply a defect in form, which renders any subsequent trial, judgment of conviction, or sentence a nullity. *See Israel*, 78 Hawai'i at 73, 890 P.2d at 310 (quoting *Elliott*, 77 Hawai'i at 311, 884 P.2d at 374 (quoting *Jendrusch*, 58 Haw. at 281, 567 P.2d at 1244)); *Elliott*, 77 Hawai'i at 312, 884 P.2d at 375 ("the omission of an essential element of the crime charged is a defect in substance rather than form" (quoting *Jendrusch*, 58 Haw. at 281, 567 P.2d at 1244)); *Territory v. Koa Gora*, 37 Haw. 1, 6 (1944) (failure to state an offense is a "jurisdictional point"); *Territory v. Goto*, 27 Haw. 65, 102 (1923) (Peters, C.J., concurring) ("[f]ailure of an indictment[,] [complaint, or oral charge] to state facts sufficient to constitute an offense against the law is jurisdictional[;] ... an indictment[,] [complaint, or oral charge] ... is essential to the court's jurisdiction," (brackets added)); HRS § 806–34 (1993) (explaining that an indictment may state an offense "with so much detail of time, place, and circumstances and such particulars as to the person (if any) against whom, and the

thing (if any) in respect to which the offense was committed, as are necessary[,]" *inter alia*, "to show that the court has jurisdiction, and to give the accused reasonable notice of the facts"). That being the case, reversal of a conviction obtained on such a defective accusation does not require a showing of prejudice. *See Elliott*, 77 Hawai'i at 311, 884 P.2d at 374 (agreeing with the ICA that inasmuch as defendant could not demonstrate and did not assert prejudice where an element was omitted from an oral charge, "[t]he question, then, is whether the oral charges can be reasonably construed to charge [the defendant] with the offenses [of which the defendant was convicted]" (some brackets added and some in original) (citation and quotation signals omitted)); *State v. Yonaha*, 68 Haw. 586, 586–87, 723 P.2d 185, 185–86 (1986) (conviction obtained on oral charge reversed for failure to state "element" of intent; prejudice not addressed); *State v. Faulkner*, 61 Haw. 177, 177–78, 599 P.2d 285, 285–86 (1979) (same); *State v. Borochov*, 86 Hawai'i 183, 193, 948 P.2d 604, 614 (App. 1997) (reversing conviction because charge could not be reasonably construed to state an offense). *Cf. State v. Sprattling*, 99 Hawai'i 312, 320, 55 P.3d 276, 284 (2002) (noting that if an indictment merely omits a word rather than "an essential element of the offense, the harmless error doctrine is applicable" and a defendant who challenges the omission for the first time on appeal must demonstrate substantial prejudice). This is because a defect in a complaint is not one of mere form, which is waivable, nor simply one of notice, which may be deemed harmless if a defendant was actually aware of the nature of the accusation against him or her, but, rather, is one of substantive subject matter jurisdiction, "which may not be waived or dispensed with," *see Jendrusch*, 58 Haw. at 281, 567 P.2d at 1244, and that is *per se* prejudicial, *see Motta*, 66 Haw. at 91, 657 P.2d at 1020

(quoting *United States v. Thompson*, 356 F.2d 216, 226 (2d Cir.1965)).

▆▆▆ In order not to be substantively defective, an accusation, in whatever form it is issued, must allege all of the essential elements of the offense:

[j]ust as the [prosecution] must prove beyond a reasonable doubt all of the essential elements of the offense charged, the [prosecution] is also required to sufficiently allege them and that requirement is not satisfied by the fact that the accused actually knew them and was not misled by the failure to sufficiently allege all of them.

*Israel*, 78 Hawai'i at 73, 890 P.2d at 310 (quoting *State v. Tuua*, 3 Haw.App. 287, 293, 649 P.2d 1180, 1184–85 (1982) (citations omitted)) (some brackets added and some in original).

▆▆▆ It is well established that "[w]here the statute sets forth with reasonable clarity all essential elements of the crime intended to be punished, and fully defines the offense in unmistakable terms readily comprehensible to person of common understanding, a charge drawn in the language of the statute is sufficient." *Merino*, 81 Hawai'i at 214, 915 P.2d at 688 (quoting *Israel*, 78 Hawai'i at 73, 890 P.2d at 310 (quoting *State v. Schroeder*, 76 Hawai'i 517, 529, 880 P.2d 192, 204 (1994))). But "where the definition of the offense includes generic terms, it is not sufficient that the indictment shall charge the offense in the same generic terms as in the definition; but it must state the species ... [and] descend to particulars." *Israel*, 78 Hawai'i at 73, 890 P.2d at 310 (quoting *Russell v. United States*, 369 U.S. 749, 765, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962)); *accord Merino*, 81 Hawai'i at 215, 915 P.2d at 689. Moreover, citing to a statutory reference does not cure a charge that merely states an element of the offense in generic terms. *Elliott*, 77 Hawai'i at 311, 884 P.2d at 374. "To allow a mere statutory reference to cure the omission of essential elements would completely vitiate the rule of law developed in *Jendrusch*, *Motta*, and *Yonaha*." *Id.*

In the present matter, in order to *convict* Cummings of DUI pursuant to HRS § 291–4(a)(1), *see supra* note 1, the prosecution, *inter alia*, had to prove beyond a reasonable doubt (1) that "[Cummings] operate[d] or assume[d] actual physical control of the operation of [a] vehicle [ (2) ] while under the influence of intoxicating liquor ... *in an amount sufficient to impair [his] normal mental faculties or ability to care for [him-*

self] and guard against casualty [.]" (Emphasis added.) See State v. Vliet, 91 Hawai'i 288, 293, 983 P.2d 189, 194 (1999) (noting that, in order to prove that a defendant is DUI, in violation of HRS § 291–4(a)(1), the prosecution must prove beyond a reasonable doubt, inter alia, that, "liquor contributed to the diminishment of the defendant's capacity to drive safely"). Accordingly, the prosecution was required to charge, inter alia, that Cummings (1) operated or assumed actual physical control of the operation of a vehicle (2) while under the influence of the intoxicating liquor in an amount sufficient to impair his normal mental faculties or ability to care for himself and guard against casualty.[3] See State v. Vanstory, 91 Hawai'i 33, 44, 979 P.2d 1059, 1070 (1999) (" '[A]n essential or material element of a crime [i]s one whose specification with precise accuracy is necessary to establish the very illegality of the behavior and thus the court's jurisdiction.' ") (Quoting United States v. Johnson, 152 F.3d 618, 630 (7th Cir.1998).).

As noted supra, the prosecution charged Cummings by complaint as follows:

On or about the 11th day of March 1999, in Kona, County and State of Hawai'i, Craig Neal Cummings did operate or assume actual physical control of the operation of a vehicle while under the influence of intoxicating liquor, thereby committing the offense of Driving Under the Influence of Intoxicating Liquor, in violation of Section 291–4(a)(1), Hawai'i Revised Statues, as amended.

Thus, the complaint failed adequately to allege a critical component of one of the material elements of the offense—i.e., that Cummings was under the influence of intoxicating liquor "in an amount sufficient to impair [his] normal mental faculties or ability to care for [himself] and guard against casualty[.]" HRS § 291–4(a)(1). Simply alleging that Cummings was "under the influence of intoxicating liquor" in conclusory terms was not sufficient to state one of the essential elements of the offense charged. In contrast to the oral charge in Sprattling, the complaint did not merely omit a word. See Sprattling, 99 Hawai'i at 319, 55 P.3d at 283 ("While the charge failed to include the modifying word 'bodily,' .... [t]he word 'bodily' alone is not an essential element of the offense; it modifies 'injury.' The word 'assault' by definition implies bodily injury."). Rather, the complaint failed to allege a critical facet of a material element of DUI, pursuant to HRS § 291–4(a)(1), which the prosecution was required to prove beyond a reasonable doubt— in substance, that "liquor contributed to the diminishment of the defendant's capacity to drive safely," see Vliet, 91 Hawai'i at 293, 983 P.2d at 194—because the complaint set forth the element in generic terms,[4] see Israel, 78

---

3. Alternatively, the prosecution could have charged Cummings with DUI pursuant to HRS § 291–4(a)(2) by alleging that (1) "[h]e operate[d] or assume[d] actual physical control of the operation of any vehicle [(2)] with .08 or more grams of alcohol per one hundred milliliters or cubic centimeters of blood or .08 or more grams of alcohol per two hundred ten liters of breath." See State v. Caleb, 79 Hawai'i 336, 339, 902 P.2d 971, 973 (1995) (recognizing that HRS § 291–4(a) proscribes a single offense that may be proven by two distinct means); State v. Lemalu, 72 Haw. 130, 134–35, 809 P.2d 442, 444–45 (1991) (same); State v. Grindles, 70 Haw. 528, 530–31, 777 P.2d 1187, 1189–90 (1989) (same). The prosecution did not, however, charge or attempt to convict Cummings of DUI pursuant to HRS § 291–4(a)(2).

4. Contrary to the dissent, we do not believe that the phrase "under the influence of intoxicating liquor" speaks for itself. Indeed, State v. Mata, 71 Haw. 319, 789 P.2d 1122 (1990), on which the dissent relies, see dissenting opinion at 4–6, confirms our belief that reasonable minds may differ regarding the phrase's meaning, inasmuch as "the trial judge [in Mata erroneously] equated the statutory term 'under the influence of intoxicating liquor' with the 'slightest perceptible, appreciable or noticeable degree' of impairment and instructed that impairment included 'any interference with' or 'lessening of' 'alertness,' 'any weakening or slowing up of the action of the motor nerves,' or 'any interference with the coordination of the sensory or motor nerves' which may cause sluggishness." 71 Haw. at 331, 789 P.2d at 1128. If, indeed, the legislature amended the statute in response to the trial judge's confusion in Mata, as the dissent suggests at 4 of the dissenting opinion, the legislature obviously believed that the phrase "under the influence" was not self-explanatory and required clarification. In any event, if we were to hold that the phrase "in an amount sufficient to impair the person's normal mental faculties or ability to care for oneself and guard against casualty" was superfluous or unnecessary, as the dissent urges, we would render the legislature's amendment of

Hawai'i at 73, 890 P.2d at 310 (noting that an indictment that charges an offense in generic terms is defective) (quoting *Russell v. United States*, 369 U.S. 749, 765, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962)); *accord Merino*, 81 Hawai'i at 215, 915 P.2d at 689. Moreover, the mere statutory reference to HRS § 291–4(a)(1) could not cure the defect. *See Elliott*, 77 Hawai'i at 311, 884 P.2d at 374 ("To allow a mere statutory reference to cure the omission of essential elements would completely vitiate the rule of law developed in *Jendrusch, Motta*, and *Yonaha*.").

Because the complaint failed to state a material element of DUI that the prosecution was required to prove, it failed to state an offense and, therefore, was fatally defective. Accordingly, the district court lacked subject matter jurisdiction to preside over the prosecution's DUI case against Cummings. That being so, (1) the district court erred in denying Cummings's motion to dismiss the charge based on the defective complaint, and (2) the amendment of the complaint after the presentation of the prosecution's case-in-chief failed to remedy the problem, inasmuch as the prosecution's case-in-chief, absent a proper complaint, was a nullity, and the amended complaint could not confer jurisdiction retroactively.

The prosecution argues that the district court did not err in denying Cummings's motion to dismiss and/or for judgment of acquittal and in permitting the amendment of the complaint on the basis that Hawai'i Rules of Penal Procedure (HRPP) Rule 7(f) (1999)

permits "a charge other than an indictment to be amended at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced." The prosecution contends that the amended complaint did not charge any additional or different offense and that Cummings was not prejudiced by the amendment. We disagree. Because the original complaint failed to state a material element of DUI, it therefore failed to state an offense; that being so, the amendment of the complaint to permit it properly to charge DUI, stated an offense for the first time. Accordingly, HRPP Rule 7(f) is inapplicable in the present matter and the question of prejudice is irrelevant.

■ In sum, the district court erred in denying Cummings's motion to dismiss Count I of the complaint.[5] Because the foregoing holding is outcome dispositive of Cummings's appeal, we decline to address his remaining points of error.

### IV. CONCLUSION

In light of the foregoing, we reverse Cummings's conviction of and sentence for DUI based on Count I of the complaint.

Dissenting Opinion by MOON, C.J., in which NAKAYAMA, J., joins.

I respectfully disagree with the majority's holding that the DUI charge in this case was fatally defective because it "failed to allege a

---

the statute meaningless, something we are hesitant to do. *See Franks v. City and County of Honolulu*, 74 Haw. 328, 339, 843 P.2d 668, 673 (1993) ("It is a cardinal rule of statutory construction that courts are bound, if rational and practicable, to give effect to all parts of a statute, and that no clause, sentence, or word shall be construed as superfluous, void, or insignificant if a construction can be legitimately found which will give force to and preserve all words of the statute.") (Quoting *State v. Wallace*, 71 Haw. 591, 594, 801 P.2d 27, 29 (1990) (quoting *Camara v. Agsalud*, 67 Haw. 212, 215–16, 685 P.2d 794, 797 (1984)).).

5. Moreover, the district court compounded its error in permitting the prosecution to reopen its case for the purpose of amending the fatally defective charge after Cummings moved to dismiss the charge and/or for judgment of acquittal.

This court has noted that "a defendant has 'every right to wait until the [prosecution] ha[s] presented its case before moving for acquittal on the grounds that the [prosecution] ha[s] not proved [a] necessary element' ... by virtue of evidentiary insufficiency[,]" and has held that it is an abuse of discretion for the trial court to permit the prosecution to reopen its case for the purpose of adducing further evidence after a defendant so moves. *See State v. Kwak*, 80 Hawai'i 297, 305, 909 P.2d 1112, 1120 (1995) (quoting *State v. Black*, 66 Haw. 530, 531–32, 668 P.2d 32, 33–34 (1983) (citing *State v. Miyashiro*, 3 Haw.App. 229, 647 P.2d 302 (1982))) (some brackets added and some in original). *A fortiori*, a defendant may wait until the close of the prosecution's case-in-chief before challenging a defective charge and it is an abuse of discretion for the trial court to permit the prosecution to re-open its case-in-chief for the purpose of amending a charge that fails to state an offense.

*critical facet* of a material element of DUI, pursuant to HRS § 291–4(a)(1), which the prosecution was required to prove beyond a reasonable doubt[.]" Majority Opinion (Maj. op.) at 144, 63 P.3d at 1114 (emphasis added). In my view, the omission of the phrase "in an amount sufficient to impair the person's normal mental faculties or ability to care for oneself and guard against casualty" did not render the charge deficient. I, therefore, respectfully dissent.

This court recently reiterated that we "will interpret a charge as a whole, *employing practical considerations and common sense.*" *State v. Sprattling*, 99 Hawai'i 312, 319, 55 P.3d 276, 283 (2002) (emphasis added) (citations omitted). In the present case, Cummings was charged with, *inter alia*, "operat[ing] or assum[ing] actual physical control of the operation of a vehicle while under the influence of intoxicating liquor," in violation of HRS § 291–4(a)(1). Unlike the majority, I believe the charge was sufficient to give Cummings notice of all the essential elements that the prosecution was required to prove beyond a reasonable doubt. Moreover, the charge, in my view, set forth "with reasonable clarity all essential elements of the crime intended to be punished[ ] and fully define[d] the offense in unmistakable terms readily comprehensible to persons of common understanding[.]" *See* Maj. op. at 143, 63 P.3d at 1113 (citing *State v. Merino*, 81 Hawai'i 198, 214, 915 P.2d 672, 688 (1996)).

As the United States District Court of Appeals for the Third Circuit has noted,

> courts have recognized for over half a century that driving "under the influence" is commonly understood to mean driving in a state of intoxication that lessens a person's normal ability for clarity and control. *See, e.g, Weston v. State*, [49 Ariz. 183,] 65 P.2d 652, 654 (1937); *State v. Graham*, [176 Minn. 164,] 222 N.W. 909, 911 (1929). This common understanding is consistent with the obvious purpose of drunk driving statutes; *i.e.,* to prevent people from driving unsafely due to an alcohol-induced diminished capacity. Because driving "under the influence" is commonly understood, it therefore puts citizens on fair notice of proscribed conduct.

*Government of Virgin Islands v. Steven*, 134 F.3d 526, 528 (3rd Cir.1998) (parallel citations omitted). As far back as 1929—only a couple of decades after the introduction of the Ford Model T,—the Minnesota Supreme Court recognized that "the expression 'under the influence of intoxicating liquor' is in common, everyday use by the people" and "[w]hen used in reference to the driver of a vehicle on public highways, it appears to have a well-understood meaning." *State v. Graham*, 176 Minn. 164, 222 N.W. 909, 911 (1929). Given the common understanding of the term today, I fail to see how omission of the "magical" phrase "in an amount sufficient to impair the person's normal mental faculties or ability to care for oneself and guard against casualty" could be viewed as omitting a "critical component" or a "critical facet," *see* Maj. op. at 144, 63 P.3d at 1114, much less an essential element of the offense charged.

Prior to 1991, HRS § 291–4(a)(1) did not include the language that the majority now considers essential to state the offense of drunk driving as defined by the statute. *See* 1990 Haw. Sess. Laws 188. Clearly, however, under the statute as it existed prior to its amendment, the conduct charged constituted a valid criminal offense. The question, then, is whether the inclusion of the additional language operated to alter the offense as it existed prior to the amendment. The majority obviously believes so. I do not.

As amended, and in its entirety, HRS § 291–4(a)(1) provided as follows:

§ 291–4 **Driving under the influence of intoxicating liquor.** (a) A person commits the offense of driving under the influence of intoxicating liquor if:

(1) The person operates or assumes actual physical control of the operation of any vehicle while under the influence of intoxicating liquor, *meaning that* the person concerned is under the influence of intoxicating liquor in an amount sufficient to impair the person's normal mental faculties or ability to care for oneself and guard against casualty[.]

*Id.* (emphasis added). The legislative history fails to explain why the law was amended to include a statutory definition of the term

"under the influence of intoxicating liquor," and there is nothing to indicate that the legislature intended, by virtue of the amendment, to add essential elements or "critical components" that had, theretofore, been missing. Rather, the legislature, in my view, merely intended to codify the term "under the influence" as it was commonly understood, which is supported by the plain language of the statute itself. By employing the phrase "meaning that" as a predicate to the statutory definition, it is clear that the amendment adds nothing to what previously existed, except it clarifies that the added language is synonymous with the term that immediately precedes it. In other words, the amendment merely reiterates the common understanding of what it means to be "under the influence."

The legislature's clarification was perhaps a response to this court's decision in *State v. Mata*, 71 Haw. 319, 789 P.2d 1122 (1990), issued shortly before the adoption of the statutory amendment. In *Mata*, the defendant was convicted of violating HRS § 291–4(a)(1) and, on appeal, claimed that the instructions given to the jury were erroneous.[1] *Id.* at 331, 789 P.2d at 1128. We agreed, noting that the trial judge "equated the statutory term 'under the influence of intoxicating liquor' with the 'slightest perceptible, appreciable or noticeable degree' of impairment and instructed that impairment included 'any interference with' or 'lessening of' 'alertness', 'any weakening or slowing up of the action of the motor nerves', or 'any interference with the coordination of the sensory or motor nerves' which may cause sluggishness." *Id.*

In *Mata*, we declined to read into HRS § 291–4(a)(1) the existing statutory definition of "under the influence of intoxicating liquor" as it was codified in Chapter 281[2] because that chapter dealt with the sale of liquor and liquor establishments, as opposed to traffic violations, and therefore was not *in pari materia*. *Id.* at 330, 789 P.2d at 1128. Our unwillingness to adopt the magical phrase from an unrelated statutory framework, however, did not hinder us from recognizing, even in the absence of the statutory definition at issue, that the pre–1991 version of HRS § 291–4(a)(1) required the prosecution to prove more than the "slightest perceptible, appreciable or noticeable degree" of "diminution of the function of the motor nerves" in order to secure a conviction. *Id.* at 331, 789 P.2d at 1129.

Accordingly, based on the foregoing, I would conclude that the charge, as given, set forth with reasonable clarity all of the essential elements necessary to state an offense

1. The jury was instructed that:
    A person is under the influence of intoxicating liquor ... if he or she has consumed intoxicating liquor sufficient to affect his or her mental or physical facilities ... or abilities in such a way *as to impair, to any perceptible, appreciable, or noticeable degree*, his or her ability to operate a vehicle safely. The mere fact that a person has taken a drink does not automatically place him under the ban of the statute, unless such drink has some influence upon the person lessening, in some degree, his ability to operate an automobile safely.
    The burden is on the State to prove beyond a reasonable doubt that the defendant's *consumption of alcohol impaired, to any perceptible, appreciable, or noticeable degree*, the defendant's ability to operate a motor vehicle safely. The State need not prove that the defendant actually drove in an unsafe or erratic manner or that the defendant caused an accident. It must prove only a diminished capacity to operate safely.
    ....
    *If the ability of the defendant to drive safely has been lessened to the slightest perceptible, appreciable, or noticeable degree by the use of*

*intoxicating liquor*, then the defendant may be deemed to be under the influence. That condition which brings a driver within the scope of driving under the influence is any interference with or lessening of alertness, any weakening or slowing up of the action of the motor nerves, or any interference with the coordination of sensory and motor nerves which may cause sluggishness where quickness of action is required or which may otherwise signal a diminished capacity to operate a vehicle safely. *Id.* at 328–29, 789 P.2d at 1127–28 (emphases added).

2. Pursuant to HRS § 281–1, " 'Under the influence of liquor' means that the person concerned has consumed intoxicating liquor sufficient to *impair* at the particular time under inquiry the person's normal mental faculties or *ability to care for oneself and guard against casualty*, or sufficient to substantially impair at the time under inquiry that clearness of intellect and control of oneself which the person would otherwise normally possess." *Id.* (emphasis added).

under HRS § 291–4(a)(1) in a way that was readily comprehensible to a person of common understanding. Moreover, it was sufficient to provide Cummings with notice of all the essential elements that the prosecution was required to prove beyond a reasonable doubt. I would, therefore, hold that the trial court had subject matter jurisdiction and would affirm Cummings's conviction of and sentence for DUI.