STATE OF HAWAI'I, Plaintiff-Appellee,
v.
LAWRENCE CORDER, Defendant-Appellant
No. 28877.
Intermediate Court of Appeals of Hawaii.
March 31, 2009.
On the briefs:
Walter R. Schoettle, for Defendant-Appellant.
Peter B. Carlisle, Prosecuting Attorney, Delanie D. Prescott-Tate, Deputy Prosecuting Attorney, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
FOLEY, Presiding Judge, FUJISE and LEONARD, JJ.
Defendant-Appellant Lawrence Corder (Corder) appeals from Counts II and III of the Judgment of Conviction and Sentence (Conviction and Sentence)[1] for two offenses of Violation of An Order for Protection under Hawaii Revised Statutes (HRS) § 586-11 (2006), entered on November 29, 2007, by the Family Court of the First Circuit (Family Court) in FC-CR No. 07-1-1080.[2] Corder raises six points of error on appeal. In his first point, Corder argues that the complaint filed against him by Plaintiff-Appellee State of Hawai'i (State) was defective because it failed to sufficiently charge him with an offense for both counts and, therefore, the Family Court erred in denying Corder's motion to dismiss. In his second point, Corder argues that the trial court erred in denying Corder's motion for a bill of particulars.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Corder's points of error as follows:
Counts II and III of the complaint, which were identical except for the specified dates, did not identify Corder's conduct in violation of the Family Court's January 23, 2007 Extended Order for Protection (Extended Order). It appears, however, that the complaint sufficiently set forth the elements of the charges. See, e.g., State v. Sugihara, 101 Hawai'i 361, 363, 68 P.3d 635, 637 (App. 2003); see also State v. Cummings, 101 Hawai'i 139, 142, 63 P.3d 1109, 1112 (2003). In his motion to dismiss or for bill of particulars, Corder argued, nevertheless, that the complaint did not adequately inform him of the nature of the charges against him and that the charges should be dismissed or, in the alternative, he should be informed of, inter alia, the alleged conduct in violation of the Extended Order, which prohibited at least nine separate and distinct activities.
Under HRPP Rule 7(g), the court may direct the filing of a bill of particulars. Pursuant to HRS § 806-47 (1993), a court may order a bill of particulars under the following circumstances:
§806-47 Bill of particulars. If the court is of the opinion that the accused in any criminal case has been actually misled and prejudiced in the accused's defense upon the merits of any defect, imperfection, or omission in the indictment, insufficient to warrant the quashing of the indictment, or by any variance, not fatal, between the allegations and the proof, the prosecuting officer shall, when so ordered by the court, acting upon its own motion or upon motion of the prosecution or defendant, file in court and serve upon the defendant, upon such terms as the court imposes, a bill of particulars of the matters in regard to which the court finds that the defendant should be informed.
In determining whether further information, and if so what information, is desirable for the defense of the accused upon the merits of the case, the court shall consider the whole record of the case and entire course of the proceedings against the accused.
The State argues that the trier-of-fact must decide what conduct constituted a violation of the Extended Order. The State also argues that the "administration of justice is hampered by the filing of a bill of particulars since the State is then bound by its allegations and must prove at trial the specific acts found therein." These arguments overlook the purpose of a bill of particulars, which is to "help the defendant prepare for trial and to prevent surprise." State v. Balanza, 93 Hawai'i 279, 286, 1 P.3d 281, 288 (2000). The Family Court incorrectly suggested that Corder's request amounted to requiring the State to reveal its evidence and called for information which could not be supplied. The Family Court abused its discretion in denying Corder's alternative request for a bill of particulars because the Family Court failed to consider whether, under the circumstances, the bill of particulars was necessary to Corder's preparation for trial and to prevent him from being prejudicially surprised as to what acts he allegedly committed in violation of the Extended Order. See Balanza, 93 Hawai'i at 286, 1 P. 3d at 288.
Therefore, the Family Court's November 29, 2007 Conviction and Sentence is vacated. This matter is remanded to the Family Court for a new trial. In light of this ruling, we need not reach Corder's other points of error.
NOTES
[1] On October 12, 2007, a jury found Corder not guilty as to Count I and guilty as to Counts II and III of the complaint. Count I charged Corder with committing the same offense alleged in Counts II and III, but on a different date.
[2] The Honorable Rhonda A. Nishimura presided.