***NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER***

**Electronically Filed
Supreme Court
SCWC-29655
15-JAN-2014
09:58 AM**

SCWC-29655

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Respondent/Plaintiff-Appellee,

vs.

FRANCIS M. SHYANGUYA, Petitioner/Defendant-Appellant.

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(ICA NO. 29655; HPD CR. NO. 08347776; CR. NO. 1P108-12324)

SUMMARY DISPOSITION ORDER
(By: Acoba, McKenna, and Pollack, JJ; with Recktenwald, C.J.,
dissenting, with whom Nakayama, J., joins)

Petitioner/Defendant-Appellant Francis M. Shyanguya

(Petitioner) seeks review of the August 24, 2012 judgment of the

Intermediate Court of Appeals (ICA) filed pursuant to its June

25, 2012 Memorandum Opinion (Memo. op.), affirming the Judgment

entered on February 2, 2009 by the District Court of the First

Circuit (the court[1]). Petitioner was convicted by the court of

Prostitution in violation of the Hawai'i Revised Statutes (HRS) §

---

[1]     The Honorable Russel S. Nagata presided.

712-1200 (1)(1993).[2]  On appeal to the ICA, Petitioner contended (1) that the trial counsel was ineffective because of "incompetent and damaging direct and cross examination and closing arguments," and (2) the oral charge was deficient because it "fail[ed] to state the specific sexual conduct" and, "[u]nder State v. Wheeler, 121 Hawaiʻi 383, 219 P.3d 1170 [(2009)] fair notice to the defendant requires notice of the means of terms of elements that are not readily comprehensible to persons of common understanding."[3]  The ICA sua sponte raised the issue of whether the charge contained a jurisdictional defect for failing to allege the requisite mens rea, citing State v. Nesmith, 127 Hawaiʻi 48, 56, 276 P.3d 617, 625 (2012), in which this court held that a charge that fails to allege the requisite state of mind does not provide fair notice to the accused of the nature and cause of the accusation.

---

[2]     At the time of the charge, HRS § 712-1200(1) (1993) provided:

(1) a person commits the offense of prostitution if the person engages in, or agrees or offers to engage in, sexual conduct with another person for a fee.

HRS § 712-1200(1).

[3]     The charge stated as follows:

On or about the 16th day of September, 2008, in the City and County of Honolulu, State of Hawaiʻi, [Petitioner] did engage in, or agree or offer to engage in, sexual conduct with another person for a fee, thereby committed the offense of Prostitution, in violation of Section 712-1200(1) of the Hawaiʻi Revised Statutes.

In his Application, Petitioner contends that a charge which does not plead the "essential fact[]" of mens rea "amounts to a failure to state an offense," (citing State v. Cummings, 101 Hawaiʻi 139, 142, 63 P. 3d 1109, 112 (2003)), and that "[a]ny conviction based on such defective complaint cannot be sustained." (Citing Nesmith, 127 Hawaiʻi at 62 276 P. 3d at 630 (Acoba, J., concurring and dissenting).). The ICA, inter alia, held that Petitioner "waived any challenge to the sufficiency of the charge for failure to allege a mens rea by not objecting on this basis in [the court] and by not asserting this claim on appeal." State v. Shyanguya, No. 29655, 2012 WL 2383726, at *4 (App. June 25, 2012).

HRS § 712-1200(1) does not specify the state of mind required to establish the elements of the offense of prostitution. Thus, under HRS § 702-204 (1993), for each element of HRS § 712-1200(1), the state must establish that Petitioner acted intentionally, knowingly, or recklessly.[4]

In State v. Maharaj, No. SCWC-29520, 2013 WL 6068086, at *5 (Haw. Nov. 18, 2013), where the issue of mens rea was raised for the first time on appeal, we reaffirmed the "core

---

[4] HRS § 702-204 (1993) provides, "When the state of mind required to establish an element of an offense is not specified by the law, that element is established if, with respect thereto, a person acts intentionally, knowingly, or recklessly."

principle" set out in State v. Apollonio, 130 Hawaiʻi 353, 311 P.3d 676 (2013), that "'[a] charge that fails to charge a requisite state of mind cannot be construed reasonabl[y] to state an offense and thus the charge is dismissed without prejudice because it violates due process.'"[5]  Id. (quoting Apollonio, 130 Hawaiʻi at 359, 311 P.3d at 682).  We also held that "as a fact that must be alleged in a charge, a requisite state of mind is clearly an essential fact that must be alleged under [Hawaiʻi Rules of Penal Procedure] Rule 7(d)."  Id. at *5 (internal quotation marks omitted).  Thus, inasmuch as the Complaint against Petitioner failed to allege the requisite state of mind that also was an essential fact of the offense of prostitution, the Complaint must be dismissed without prejudice.  Id. at *5.

IT IS HEREBY ORDERED that the August 24, 2012 judgment of the ICA and the February 2, 2009 Judgment of the court are vacated, and this case is remanded to the court with instructions to dismiss the Complaint without prejudice.

DATED: Honolulu, Hawaiʻi, January 15, 2014.

| | |
|---|---|
| Jack Schweigert, for petitioner | /s/ Simeon R. Acoba, Jr. |
| | /s/ Sabrina S. McKenna |
| Donn Fudo (on the brief), for respondent | /s/ Richard W. Pollack |



---

[5]     In the instant case, the sufficiency of the charge was first raised sua sponte by the ICA on appeal.

4