IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

---o0o---


EDMUND CHRISTIAN, Petitioner-Appellant,
vs.
STATE OF HAWAIʻI, Respondent-Appellee.


CAAP-11-0000147


APPEAL FROM THE DISTRICT COURT OF THE FIFTH CIRCUIT
(SD 10-1-001; CR NO. 5DTA-08-00048)


NOVEMBER 27, 2013


NAKAMURA, CHIEF JUDGE, AND FOLEY AND REIFURTH, JJ.


OPINION OF THE COURT BY NAKAMURA, C.J.

Petitioner-Appellant Edmund Christian (Christian) was charged by complaint with Operating a Vehicle Under the Influence of an Intoxicant (OVUII). On June 24, 2008, he pleaded no contest to the OVUII charge. On that same day, he was sentenced to a fine of $700 and various fees and assessments. Christian did not appeal his OVUII conviction or sentence.

Over two years after his judgment of conviction became final, Christian sought to collaterally attack his conviction. On August 23, 2010, he filed a Hawaiʻi Rules of Penal Procedure (HRPP) Rule 40 (2006) "Petition to Vacate, Set Aside or Correct Prior Judgment/Conviction" (Rule 40 Petition), alleging for the

first time that his OVUII charge was insufficient.  Christian relied upon the Hawaiʻi Supreme Court's 2009 decision in State v. Wheeler, 121 Hawaiʻi 383, 219 P.3d 1170 (2009), which held that an OVUII charge which tracked the language of the statute prescribing the offense, but failed to allege that the offense was committed "upon a public way, street, road, or highway" (public-road element), was defective.  Christian argued that his OVUII charge was similarly defective for failing to allege the public-road element, that the defect in the charge was jurisdictional, and therefore his judgment of conviction was a nullity.  The District Court of the Fifth Circuit (District Court)[1] denied Christian's Rule 40 Petition, and Christian appealed.

We hold that the rule announced in Wheeler does not apply retroactively to cases on collateral review.  In determining the extent to which a newly announced judicial rule should be given retroactive effect, we consider "(a) the purpose of the newly announced rule, (b) the extent of reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards[.]"  State v. Jess, 117 Hawaiʻi 381, 401-02, 184 P.3d 133, 153-54 (2008) (internal quotation marks and citation omitted).  Applying these factors, we conclude that the new rule announced in Wheeler -- that charging the OVUII offense in the language of the statute is insufficient and that an OVUII charge is defective unless it specifically alleges the public-road element -- should not be applied retroactively to defendants seeking relief on collateral review.  Moreover, even if Wheeler applies retroactively to Christian's Rule 40 Petition, we conclude that given the heightened interest in finality that attaches to cases on collateral review, Christian must demonstrate exceptional circumstances to merit relief on his belated challenge to the sufficiency of his charge.  Because

---

[1]The Honorable Trudy K. Senda presided.

Christian cannot rely on the Wheeler rule, and because he does not show exceptional circumstances meriting relief, we affirm the denial of his Rule 40 Petition.

                              BACKGROUND

        On February 20, 2008, Plaintiff-Appellee State of Hawaiʻi (State) charged Christian by written complaint with (1) OVUII as a highly intoxicated driver, in violation of Hawaii Revised Statutes (HRS) §§ 291E-61(a)(1) and/or (a)(3) and (b)(2) (2007) (Count I); and (2) Disobedience to Police Officer, in violation of HRS § 291C-23 (2007) (Count II).  The State's OVUII charge tracked the language of the offense statute and did not allege the public-road element required under Wheeler -- that Christian had operated or assumed actual physical control of his vehicle "upon a public way, street, road, or highway."  The State charged Christian in Count I as follows:

> On or about the 16th day of January, 2008, in the County of Kauai, State of Hawaii, [Christian] did, while under the influence of an intoxicant, operate or assume actual physical control of a vehicle while under the influence of alcohol in an amount sufficient to impair his normal mental faculties or ability to care for himself and guard against casualty and/or with 0.8 or more grams of alcohol per two hundred ten liters of breath thereby committing the offense of Operating a Vehicle Under the Influence of an Intoxicant in violation of Sections 291E-61(a)(1) and/or (3) of the Hawaii Revised Statutes.  [Christian] is subject to sentencing in accordance with Section 291E-61(b)(2) of the Hawaii Revised Statutes, where [Christian] was a highly intoxicated driver as defined in Section 291E-1 of the Hawaii Revised Statutes at the time this offense was committed.

(Emphasis added.)

        Pursuant to a plea agreement, Christian entered a no contest plea to the OVUII charge in Count I, and Count II was dismissed with prejudice.  The District Court accepted Christian's no contest plea and sentenced him to pay a $700 fine plus fees and assessments.  The District Court entered its Judgment on June 24, 2008.  Christian did not challenge the

                                3

sufficiency of the OVUII charge at trial or appeal his conviction.

On August 23, 2010, Christian filed his Rule 40 Petition in the District Court. In his Rule 40 Petition, Christian relied upon Wheeler in arguing that his conviction should be vacated. On January 31, 2011, the District Court denied Christian's Rule 40 Petition pursuant to its "Findings of Fact, Conclusions of Law and Order Denying HRPP Rule 40 Petition for Post-Conviction Relief" (Order Denying Rule 40 Petition). The District Court concluded that:

> [T]he Wheeler court recognized that different principles apply when the issue of sufficiency of the charge/complaint are first raised in a post-conviction setting and that under the "Motta/Wells[2] post-conviction liberal construction rule," the court will liberally construe charges challenged for the first time on appeal. In the instant case, this court concludes that the "presumption of validity" for charges challenged subsequent to a conviction would require a showing by [Christian] of prejudice.

Christian timely appealed from the District Court's Order Denying Rule 40 Petition.

DISCUSSION

I.

HRS § 291E-61(a) provides in relevant part:

> (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:
>
> (1) While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty;
>
> . . . [or]
>
> (3) With .08 or more grams of alcohol per two hundred ten liters of breath[.]

(Emphasis added.) HRS § 291E-1 (2007), in turn, defines the term "operate" as used in HRS § 291E-61 to mean "to drive or assume

_____

[2]See State v. Motta, 66 Haw. 89, 90-91, 657 P.2d 1019, 1019-20 (1983); State v. Wells, 78 Hawaiʻi 373, 381, 894 P.2d 70, 78 (1995).

4

actual physical control of a vehicle <u>upon a public way, street, road, or highway</u>[.]  (Emphasis added.)

In <u>Wheeler</u>, the supreme court concluded that the common understanding of the term "operate" did not give fair notice of the term's statutory definition, which included the geographical requirement that the OVUII offense occur "upon a public way, street, road, or highway" as an essential element of the offense. <u>Wheeler</u>, 121 Hawaiʻi at 391-95, 219 P.3d at 1178-82.  The supreme court therefore held that charging in the language of the offense statute and using the term "operate" in Wheeler's OVUII charge, without also specifically alleging the public-road element included in the term's statutory definition, rendered Wheeler's OVUII charge deficient.  <u>Id.</u>

Relying on <u>Wheeler</u>, Christian argues in this appeal that his OVUII charge is similarly deficient because the State failed to specifically allege the public-road element.  Christian further argues, relying on <u>State v. Cummings</u>, 101 Hawaiʻi 139, 142-43, 63 P.3d 1109, 1112-13 (2003), that the deficiency in his OVUII charge was a jurisdictional defect that rendered his conviction a nullity.

The State concedes that Christian's charge was deficient under the "new standard" announced in <u>Wheeler</u>, but argues that we should not apply the <u>Wheeler</u> rule retroactively to cases on collateral review.  We agree.

We further conclude that prior to <u>Wheeler</u>, the Hawaiʻi Supreme Court had implicitly held that Christian's OVUII charge was sufficient by directing the entry of judgment based on the same charging language.  <u>See</u> <u>State v. Ruggiero</u>, 114 Hawaiʻi 227, 240-41, 160 P.3d 703, 716-17 (2007); <u>State v. Kekuewa</u>, 114 Hawaiʻi 411, 425-26, 163 P.3d 1148, 1162-63 (2007).  Indeed, in <u>State v. Walker</u>, 126 Hawaiʻi 475, 273 P.3d 1161 (2012), the Hawaiʻi Supreme Court acknowledged that <u>Wheeler</u> announced a new charging rule when <u>Wheeler</u> held that the public-road element was not encompassed within the term "operate," but must be specifically alleged.  The <u>Walker</u> court stated that "[t]he

current essential elements that the State must include in an OVUII charge differ from those required in 2007 at the time of the Ruggiero and Kekuewa decisions" and that "post-Wheeler, OVUII charges must now allege the attendant circumstance that the defendant operated a vehicle 'on a public way, street, road, or highway.'" Id. at 490, 273 P.3d at 1176.

As explained below, the Wheeler charging rule does not retroactively apply to Christian's collateral attack of his OVUII conviction. Under cases existing prior to Wheeler, Christian cannot show that he is entitled to collaterally attack his conviction based on the failure of his OVUII charge to specifically allege the public-road element. Moreover, Christian does not satisfy the increased burden that we conclude is properly placed on a defendant who challenges the sufficiency of his or her charge for the first time on collateral review. Accordingly, we affirm the District Court's Order Denying Rule 40 Petition.

II.

We review the denial of Christian's Rule 40 Petition, which was based on the District Court's conclusions of law, *de novo*. See Coulter v. State, 116 Hawaiʻi 181, 184, 172 P.3d 493, 496 (2007).

A.

We first consider whether the Wheeler charging rule should be applied retroactively to Christian's Rule 40 Petition. In Jess, the Hawaiʻi Supreme Court discussed the analytical framework for deciding whether, and to what extent, a new rule announced in a judicial decision should be applied retroactively. The Jess decision announced a new charging rule which required the State to allege aggravating extrinsic facts as well as aggravating intrinsic facts in a charging instrument when seeking an extended term of imprisonment. Jess, 117 Hawaiʻi at 400-01,

184 P.3d at 152-53.[3]  In determining whether the new rule should be given retroactive effect, the supreme court stated that although retroactive application of judicial decisions is generally assumed, "such application is not automatic, because the Constitution neither prohibits nor requires retrospective effect."  Id. at 401, 184 P.3d at 153 (internal quotation marks and citation omitted).

The supreme court concluded that it was "free to apply decisions with or without retroactivity[.]"  Id. (internal quotation marks, citation, and brackets omitted).  It described the options regarding the extent to which a new judicial rule could be given retroactive effect as follows: (1) purely prospective effect, under which the new rule only applies to future cases and does not apply to the parties in the law-making decision or to conduct or events occurring before that decision; (2) limited or pipeline retroactive effect, under which the new rule applies to the parties in the decision and all cases on direct review or not yet final on the date of the decision; or (3) full retroactive effect, under which the new rule applies "both to the parties before the court and to all others by and against whom claims may be pressed[.]"  Id.  (internal quotation marks and citation omitted).  In deciding which retroactivity option is appropriate, the court "weigh[s] the merits and demerits of retroactive application of the particular rule in light of (a) the purpose of the newly announced rule, (b) the extent of reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards[.]"  Id. at 401-02, 184 P.3d at 153-54 (internal quotation marks and citation omitted).

B.

_____

    [3]Previously, the State had been required to allege aggravating intrinsic facts, but not aggravating extrinsic facts, when seeking an extended term of imprisonment.  See Jess, 117 Hawaiʻi at 400-01, 184 P.3d at 152-53.

A threshold question is whether <u>Wheeler</u> announced a new rule because "[i]t is only when the law changes in some respect that an assertion of nonretroactivity may be entertained[.]" <u>James B. Beam Distilling Co. v. Georgia</u>, 501 U.S. 529, 534 (1991). We conclude, in light of the Hawaiʻi Supreme Court's pre-<u>Wheeler</u> decisions in <u>Ruggiero</u> and <u>Kekuewa</u>, that <u>Wheeler</u> announced a new rule regarding whether charging in the language of the OVUII offense statute would be sufficient to charge a first-time OVUII offense.

Ruggiero was charged with OVUII in language that, as relevant to our analysis, is indistinguishable from the language used in Christian's OVUII charge. Ruggiero's OVUII charge, which was quoted in the supreme court's opinion, alleged:

> That on or about the 10th day of March, 2004, in the Division of Wailuku, County of Maui, State of Hawaiʻi, ADAM M. RUGGIERO <u>did operate or assume actual physical control of a vehicle while under the influence of an intoxicant</u> meaning that he was under the influence of alcohol in an amount sufficient to impair his normal mental faculties or ability to care for himself and guard against casualty, thereby committing the offense of Operating a Vehicle Under the Influence of an Intoxicant in violation of Section 291E-61 of the Hawaiʻi Revised Statutes.

<u>Ruggiero</u>, 114 Hawaiʻi at 229 n.3, 160 P.3d at 705 n.3 (brackets omitted). As with Christian's OVUII charge, Ruggiero's charge alleged the statutorily defined term "operate," but did not specifically allege the public-road element. Ruggiero was convicted of the OVUII charge and given an enhanced sentence as a repeat offender. <u>Id.</u> at 229-31, 160 P.3d at 705-07. On appeal, Ruggiero challenged his enhanced sentence as a repeat offender. The supreme court concluded that Ruggiero's prior OVUII conviction was an elemental attendant circumstance and therefore Ruggiero could not be sentenced as a repeat offender because his prior conviction had not been alleged in the charge and proven at trial. <u>Id.</u> at 293, 160 P.3d at 715.

The supreme court then went on to consider whether Ruggiero could be sentenced as a first-time offender. The court held that Ruggiero could be sentenced as a first-time offender because his OVUII charge could "reasonably be construed" to charge OVUII as a first offense. Id. at 240, 160 P.3d at 716. The court stated:

> the complaint can reasonably be construed to charge the crime of [OVUII] as a first offense, in violation of HRS § 291E-61(a) and (b)(1). It plainly states the elements set forth in HRS § 291E-61(a) ("operates or assumes actual physical control of a vehicle") and -61(a)(1) ("while under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty").

Id. (emphasis added; brackets omitted). The court accordingly remanded the case to the trial court for entry of a judgment of conviction for OVUII as a first offense and resentencing in accordance therewith. Id. at 241, 160 P.3d at 717.

Like Ruggiero, Kekuewa was charged with OVUII in language that, for purposes of our analysis, is indistinguishable from Christian's OVUII charge, in that Kekuewa's charge alleged the statutorily defined term "operate," but did not specifically allege the public-road element. Kekuewa's charge, which was quoted in the supreme court's opinion, alleged that:

> on or about the 15th day of April 2004, in the City and County of Honolulu, State of Hawaii, island of Oahu, you did operate or assume actual physical control of a vehicle while under the influence of alcohol in an amount sufficient to impair your normal mental faculties or the ability to care for yourself and guard against casualty thereby violating Section 291E-61 of the Hawaii Revised Statutes for your second offense.

Kekuewa, 114 Hawaiʻi at 415, 163 P.3d at 1152 (emphasis added; emphasis in original omitted). The supreme court affirmed this court's determination that Kekuewa could not be convicted as a repeat offender because his charge failed to sufficiently allege the attendant circumstance of his prior conviction. Id. at 423, 163 P.3d at 1160. The supreme court, however, stated that the charge against Kekuewa set forth the essential elements of OVUII as a first offense. Id. at 426, 163 P.3d at 1163. The supreme

court therefore held that this court should have remanded the case for entry of a judgment of conviction and resentencing for OVUII as a first offense, instead of reversing Kekuewa's conviction.  Id. at 425-26, 163 P.3d at 1162-63.

C.

As noted in Wheeler, Ruggiero and Kekuewa did not challenge the sufficiency of their charges on the specific ground that the charges failed to alleged the public-road element and thus the supreme court's opinions in Ruggiero and Kekuewa did not establish clear precedent on this question for *stare decisis* purposes.  Wheeler, 121 Hawaiʻi at 399, 219 P.3d at 1186. Nevertheless, by quoting the charges in Ruggiero and Kekuewa and then directing entry of judgment of conviction on the charges for OVUII as a first offense, the supreme court implicitly held and concluded that the charges in Ruggiero and Kekuewa were sufficient to charge OVUII as a first offense.  Indeed, in Ruggiero, the supreme court stated that "the complaint can reasonably be construed to charge the crime of [OVUII] as a first offense, in violation of HRS § 291E-61(a) and (b)(1)."  See Ruggiero, 114 Hawaiʻi 240, 160 P.3d at 716.  Moreover, if the sufficiency of a charge is jurisdictional, then the supreme court should not have directed the entry of judgment of conviction on the charge if the charge was insufficient.

Accordingly, Ruggiero and Kekuewa implicitly approved the charging language used in those cases and provided persuasive authority that such language, which used the terms of the offense statute without specifically alleging the public-road element, was sufficient to charge OVUII as a first offense.  We therefore conclude that Wheeler announced a new rule for purposes of determining whether the decision should be applied retroactively. See Teague v. Lane, 489 U.S. 288, 301 (1989) ("[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final.").

III.

10

The Hawaiʻi Supreme Court has already rejected the option of giving purely prospective effect to the Wheeler rule, and it has thus far given the Wheeler rule limited or pipeline retroactive effect.  The supreme court applied the announced charging rule to Wheeler and also applied the Wheeler rule to cases pending on direct review.  The question presented by Christian's Rule 40 Petition is whether the Wheeler rule should be given "full retroactive effect" and apply to cases on collateral review.  By "Wheeler rule," we mean the holding that an OVUII charge is deficient if it charges in the language of the offense statute (HRS § 291E-61(a)) without specifically alleging the public-road element.

Applying the factors set forth in Jess for determining the extent to which a newly announced rule should be given retroactive effect, we conclude that limited or pipeline retroactive effect is sufficient and that full retroactive effect would be inappropriate.  As noted, the factors to consider are: "(a) the purpose of the newly announced rule, (b) the extent of reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards[.]"  Jess, 117 Hawaiʻi at 401-02, 184 P.3d at 153-54 (internal quotation marks and citation omitted).

The purpose of the Wheeler rule is to ensure that defendants charged with OVUII receive fair notice of the public-road element so they can adequately prepare their defense.  This purpose is furthered by applying the Wheeler rule to Wheeler and cases on direct appeal, which the supreme court has already done.  There does not appear to be a compelling need to apply the Wheeler rule retroactively to cases that are already final.  It would be unusual for an OVUII prosecution to arise from the operation of a vehicle on a non-public road.  In addition, although pre-Wheeler, the State routinely charged OVUII by tracking the offense language without alleging the public-road element, there is no indication that the State, the trial court,

11

or the defendants were generally unaware of the State's obligation to prove the public-road element, or that defendants driving on non-public roads were being convicted of OVUII. Moreover, as discussed below, the other factors in the retroactively analysis strongly weigh against giving the Wheeler rule full retroactive effect and applying it to cases on collateral review.

The second factor is the extent of reliance by law enforcement authorities on the old standards. The significant number of appeals involving charges filed pre-Wheeler, in which the State charged in the language of HRS § 291E-61(a) and did not specifically allege the public-road element, indicates that the State's reliance on the language of the OVUII charges implicitly approved by the supreme court in Ruggiero and Kekuewa was high. Indeed, it appears that in cases filed after Ruggiero and Kekuewa, the State routinely charged in the language of the offense statue without specifically alleging the public-road element.

The third factor, the effect on the administration of justice of a retroactive application of the new standards, weighs heavily against giving Wheeler full retroactive effect. OVUII is a frequently charged offense that is aimed at deterring conduct presenting a grave risk to public safety -- driving while impaired by alcohol or drugs -- and it appears that the State's standard practice was to charge the OVUII offense without alleging the public-road element. The public-road element was added to the offense of OVUII through statutory amendments in 2000 that resulted in the repeal of the former law and the enactment of HRS § 291E-61. See Wheeler, 121 Hawaiʻi at 392 n.11, 219 P.3d at 1179 n.11 (explaining the origin of the public-road element). Prior to the 2000 amendment, the former OVUII law did not require proof of a public-road element. Id. As the State argues, applying Wheeler retroactively to cases on collateral review "would impose a heavy burden on the judicial system because potentially all OVUII convictions, going back to

12

2000, when the present version of HRS § 291E-61(a) was enacted, could be vacated." (Emphasis in original.)[4] Moreover, giving the Wheeler rule full retroactive effect would place at risk OVUII convictions that have long been final, even where the defendant was not prejudiced by the failure to specifically allege the public-road element in his or her OVUII charge.[5]

Weighing the applicable factors, we conclude that full retroactive application of Wheeler to cases on collateral review is not warranted. The State's reasonable reliance on Ruggiero and Kekuewa in charging the OVUII offense, and the significant disruption to the administration of justice that would result if OVUII convictions that had already become final are subject to wholesale invalidation, convinces us that giving the Wheeler rule limited or pipeline retroactive effect is sufficient and appropriate.

IV.

Even if the asserted deficiency in Christian's charge is properly characterized as a jurisdictional defect, that would not require applying the Wheeler rule retroactively to Christian's collateral attack of his conviction. In United States v. Cuch, 79 F.3d 987 (10th Cir. 1996), the federal court of appeal for the Tenth Circuit considered whether a United States Supreme Court decision affecting the federal court's jurisdiction to try the defendants for criminal offenses should be applied retroactively on collateral review. Prior to the Supreme Court's decision in Hagen v. Utah, 510 U.S. 399 (1994),

---

[4]It appears that although enacted in 2000, the effective date of the new HRS § 291E-61 was January 1, 2002, see Wheeler, 121 Hawaiʻi at 392 n.11, 219 P.3d at 1179 n.11, and so all convictions based on OVUII after January 1, 2002, could be at risk.

[5]For purposes of this discussion, we assume the retroactive application of the Wheeler charging rule without considering the effect of the Motta/Wells liberal construction standard or the imposition of a higher standard for collateral review, which we discuss infra.

the Tenth Circuit had held that the lands on which defendants had committed their crimes were part of the Ute Indian Tribe's Uintah Reservation.  Cuch, 79 F.3d at 988.  However, in Hagen, the Supreme Court determined that the lands in question were not part of the Unitah Reservation.  Id.  The effect of the Hagen decision, if applied retroactively to the defendants' prosecutions, would be that the State of Utah, not the federal government, had jurisdiction over crimes committed on the lands where defendants had committed their crimes.  Cuch, 79 F.3d at 988.

The Tenth Circuit held that "based on principles of finality and fundamental fairness[,]" the retroactive application of subject matter jurisdiction rulings could be limited so that they would not apply to invalidate criminal convictions on collateral review.  Id. at 990-91.  It stated that in Gosa v. Mayden, 413 U.S. 655 (1973), the United States Supreme Court refused to retroactively apply its prior decision -- that constitutional restraints deprived military courts of jurisdiction to try individuals for non-service related crimes -- to invalidate convictions on collateral review.  Cuch, 79 F.3d at 990.  The Tenth Circuit further stated that the Supreme Court has emphasized that "'the principle of finality . . . is essential to the operation of our criminal justice system'" and that [c]onsequently,

> "the interest in leaving concluded litigation in a
> state of repose . . . may quite legitimately be
> found by those responsible for defining the scope
> of the writ [of habeas corpus] to outweigh in
> some, many, or most instances the competing
> interest in readjudicating convictions according
> to all legal standards in effect when a habeas
> petition is filed."

Id. at 991 (ellipsis points in original; brackets omitted) (quoting Teague, 489 U.S. at 306, 309 (1989)).  The Tenth Circuit noted that "[t]his overriding interest in finality is a primary factor distinguishing collateral review from direct review for

due process purposes." Id. at 991 n.8. The Tenth Circuit held that the retroactive application of the Hagen decision to the defendants' collateral attack was not warranted and affirmed the denial of the defendants' claims on collateral review. Id. at 995.

V.

Applying the law pre-Wheeler to Christian's Rule 40 Petition, we conclude that he is not entitled to relief. In Walker, the Hawai'i Supreme Court acknowledged that Wheeler had effectively changed the law regarding OVUII charging as it had existed under its 2007 decisions in Ruggiero and Kekuewa. The court stated that "[t]he current essential elements that the State must include in an OVUII charge [post-Wheeler] differ from those required in 2007 at the time of the Ruggiero and Kekuewa decisions." Walker, 126 Hawai'i at 490, 273 P.3d at 1176. It further stated that "post-Wheeler, OVUII charges must now allege the attendant circumstance that the defendant operated a vehicle 'on a public way, street, road, or highway.'" Id.

If the Wheeler rule is not retroactively applicable to Christian's Rule 40 Petition, we conclude that Ruggiero and Kekuewa would provide persuasive authority that Christian's OVUII charge was sufficient. In addition, because Christian did not object to the sufficiency of his charge during his trial proceedings, he would at least have to overcome the liberal construction standard. See State v. Motta, 66 Haw. 89, 90-91, 657 P.2d 1019, 1019-20 (1983); State v. Wells, 78 Hawai'i 373, 381, 894 P.2d 70, 78 (1995). Under this standard, Christian has the burden of (1) showing prejudice from the defective charge or (2) that the charge "cannot within reason be construed to charge a crime." State v. Merino, 81 Hawai'i 198, 212, 915 P.2d 672, 686 (1996) (block quote format and citation omitted).

Here, Christian does not argue that he was prejudiced by the failure of his OVUII charge to allege the public-road element. In Ruggiero, the supreme court stated that Ruggiero's OVUII charge, which is substantively the same as Christian's

15

charge, "can reasonably be construed to charge the crime of [OVUII] as a first offense[.]" Ruggiero, 114 Hawaiʻi at 240, 160 P.3d at 716. Thus, applying the law as it existed pre-Wheeler to Christian's Rule 40 Petition, we conclude that he is not entitled to relief.

                                    VI.

        In any event, given the interest in the finality of criminal judgments challenged on collateral review, even assuming *arguendo* that Wheeler is applied retroactively to Christian's Rule 40 Petition, we conclude that he is not entitled to relief. The significant interest in the finality of judgments become even more compelling once the time and opportunity for a direct appeal has passed. "[T]he tardier the challenge, the more liberally and aggressively have indictments been construed so as to save them." United States v. Richardson, 687 F.2d 952, 962 (7th Cir. 1982).

        The Hawaiʻi Supreme Court has held that a liberal construction standard applies when a defendant waits to challenge his conviction for the first time on direct appeal. See Motta, 66 Haw. at 90-91, 657 P.2d at 1019–20; Wells, 78 Hawaiʻi at 381, 894 P.2d at 78. Under this liberal construction standard, a charge that would fail to pass muster if timely challenged in the trial court can nevertheless be found to be sufficient if challenged for the first time on direct appeal. Id. The Hawaiʻi Supreme Court, however, has not specifically addressed how a challenge to the sufficiency of a charge raised for the first time on collateral review should be evaluated.

        Given the heightened interest in the finality of judgments applicable to cases challenged on collateral review, we conclude that a higher burden should be placed on a defendant challenging the sufficiency of his or her charge for the first time on collateral review. Under this higher burden, we conclude that Christian must show exceptional circumstances in order to obtain relief. We adopt the standard applied by federal appellate courts in the Fifth and Eighth Circuits:

                                    16

> "The sufficiency of an indictment or information is not open to collateral attack after conviction unless it appears that the circumstances are exceptional, that the questions raised are of 'large importance,' that the need for the remedy sought is apparent, and that the offense charged was one of which the sentencing court manifestly had no jurisdiction."

United States v. Prince, 868 F.2d 1379, 1384 (5th Cir. 1989) (brackets omitted) (quoting Keto v. United States, 189 F.2d 247, 251 (8th Cir. 1951). Under this standard, we conclude that Christian has not shown that the deficiency in his OVUII charge entitles him to relief on collateral review.

A.

In Teague, the United States Supreme Court recognized the importance of finality to the criminal justice system. The Court stated:

> Without finality, the criminal law is deprived of much of its deterrent effect. The fact that life and liberty are at stake in criminal prosecutions shows only that conventional notions of finality should not have as much place in criminal as in civil litigation, not that they should have none. If a criminal judgment is ever to be final, the notion of legality must at some point include the assignment of final competence to determine legality.

Teague, 489 U.S. at 309 (internal quotation marks, brackets, and citations omitted; emphasis in original).

The Hawaiʻi Supreme Court has applied finality principles in civil cases to reject collateral attacks on judgments. In Cvitanovich-Dubie v. Dubie, 125 Hawaiʻi 128, 254 P.3d 439 (2011), the Hawaiʻi Supreme Court rejected the plaintiff's argument that her divorce decree was void under Hawaiʻi Family Court Rules Rule 60(b)(4) because "her marriage was bigamous and therefore violated prohibitory law, and that the marriage was therefore void *ab initio* pursuant to HRS § 1-6." Id. at 143, 254 P.3d at 454. The supreme court explained:

> Assuming arguendo that the question of whether a marriage is valid goes to the family court's jurisdiction to enter a divorce, [the plaintiff's] challenges to the family court's jurisdiction would have been relevant had she raised them in the divorce proceedings or in a direct appeal. However, on a Rule 60(b)(4) motion, the principle of finality narrows the scope of review. Because the family court had "power to adjudicate the issues in the class of suits to which the case belongs," i.e., divorce proceedings,

17

> its judgment is not subject to collateral attack pursuant to
> HFCR Rule 60(b)(4).

Id. (emphasis added; footnote and citations omitted).
Accordingly, the supreme court upheld the family court's denial
of the plaintiff's motion under Rule 60(b)(4).  Id. at 144, 254
P.3d at 455.

The strong interest in the finality of criminal
judgments, particularly after the opportunity for direct appeal
has passed, also underlies the provision in HRPP Rule 40 that
generally precludes a criminal defendant from raising an issue in
an HRPP Rule 40 petition that the defendant failed to raise on
direct appeal.  HRPP Rule 40(a)(3) provides, in relevant part,
that

> an issue is waived if the petitioner knowingly and
> understandingly failed to raise it and it could have been
> raised . . . on appeal . . . and the petitioner is unable to
> prove the existence of extraordinary circumstances to
> justify the petitioner's failure to raise the issue.  There
> is a rebuttable presumption that a failure to appeal a
> ruling or to raise an issue is a knowing and understanding
> failure.

B.

Federal courts have imposed stringent standards when a
defendant challenges the sufficiency of an indictment or
information on collateral review.  As noted, the Fifth and Eighth
Circuits have applied the following test:

> The sufficiency of an indictment or information is not open
> to collateral attack after conviction unless it appears that
> the circumstances are exceptional, that the questions raised
> are of 'large importance,' that the need for the remedy
> sought is apparent, and that the offense charged was one of
> which the sentencing court manifestly had no jurisdiction.

Prince, 868 F.2d at 1384 (quoting Keto, 189 F.2d at 251).  In
justifying this test, the Eighth Circuit explained:

> The orderly administration of criminal justice demands
> that a defendant who is dissatisfied with the form or
> substance of an indictment or information filed against him
> shall make that known to the trial court at or before the
> time when sentence is imposed, and shall appeal from any
> judgment which he contends is based upon a defective
> indictment or information.  It would create an intolerable
> situation if defendants, after conviction, could defer their
> attacks upon indictments or informations until witnesses had

18

> disappeared, statutes of limitation had run, and those charged with the duty of prosecution had died, been replaced, or had lost interest in the cases.

Keto, 189 F.2d at 251 (emphasis added).

We conclude that the test applied by the Fifth and Eighth Circuits fairly balances the interest in finality with the interest served by permitting a defendant to collaterally attack his or her conviction and sentence. Accordingly, we adopt this test in evaluating challenges to the sufficiency of a charge raised for the first time on collateral review.

C.

Applying this test to Christian's Rule 40 Petition, we conclude that Christian failed to satisfy the test. Here, Christian's circumstances are not exceptional. Christian does not claim that he suffered any prejudice from the failure of his OVUII charge to specifically allege the public-road element. Indeed, he does not contend that he was driving on a non-public road or that the State's failure to allege the public-road element affected the preparation of his defense in any way. He does not maintain that he was actually innocent of the OVUII offense. He was not sentenced to incarceration and he is not in custody. For these same reasons, Christian has not shown that the question he raises regarding the sufficiency of his OVUII charge are of large importance or that the need for the remedy he seeks, the voiding of his conviction, is apparent.

Finally, we conclude that Christian failed to show that the offense charged was one of which the sentencing court __manifestly__ had no jurisdiction. Even assuming that a deficient charge is jurisdictional,[6] Christian failed to show that his

---

[6]In State v. Cummings, 101 Hawaiʻi 139, 142-43, 63 P.3d 1109, 1112-13 (2003), the Hawaiʻi Supreme Court concluded that a charge that failed to adequately allege an essential element contained "a substantive jurisdictional defect." We note that a number of federal and state courts "have abandoned the view that an insufficient charge constitutes a jurisdictional defect." State v. Apollonio, 130 Hawaiʻi 353, ---, 311 P.3d 676, 691 & n.5

(continued...)

charge was so deficient that the trial court manifestly had no jurisdiction.  As noted, the Hawaiʻi Supreme Court stated in Ruggiero that a charge, which was substantively the same as Christian's charge, could "reasonably be construed to charge the crime of [OVUII] as a first offense[.]"  That statement, combined with the liberal construction standard applicable where a defendant fails to challenge the sufficiency of his or her charge in the trial court and the heightened interest in finality where the charge is challenged for the first time on collateral review, convinces us that Christian's charge was not so deficient that the trial court manifestly lacked jurisdiction.

CONCLUSION

For the foregoing reasons, we affirm the District Court's Order Denying Rule 40 Petition.


On the briefs:

Daniel G. Hempey
(Hempey & Meyers LLP)
for Petitioner-Appellant

Tracy Murakami
Deputy Prosecuting Attorney
County of Kauaʻi
for Respondent-Appellee

---

[6](...continued)
(2013) (Recktenwald, C.J., concurring and dissenting) (citing cases).  Moreover, in Wheeler, the Hawaiʻi Supreme Court did not characterize the failure to allege the public-road element as a jurisdictional defect, and other recent supreme court decisions have indicated some uncertainty over whether defects in a charge should be viewed as jurisdictional.  See State v. Nesmith, 127 Hawaiʻi 48, 66, 276 P.3d 617, 635 (2012) (Acoba, J. concurring and dissenting) (describing majority opinion); Apollonio, 130 Hawaiʻi at ---, 311 P.3d at 688-91 (Recktenwald, C.J., concurring and dissenting).  In any event, Cummings involved a charge that was objected to as insufficient during trial and was challenged as insufficient on direct appeal, and Cummings therefore did not address the issue raised here of the challenge to the sufficiency of a charge raised for the first time on collateral attack.