**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000472
28-JUN-2021
08:19 AM
Dkt. 49 SO**

NO. CAAP-20-0000472

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
RUEL S. BALLESTEROS, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1DTA-19-00511)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Wadsworth and Nakasone, JJ.)

Defendant-Appellant Ruel S. Ballesteros (**Ballesteros**) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered June 22, 2020, in the District Court of the First Circuit, Honolulu Division (**District Court**).[1] Following a bench trial, the District Court found Ballesteros guilty of, *inter alia*, Operating a Vehicle Under the Influence of an Intoxicant as a Third Offense Within Five Years (**OVUII 3**), in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1),(b)(3) (Supp. 2016).[2]

---

[1] The Honorable James C. McWhinnie presided.

[2] HRS § 291E-61(a)(1),(b)(3) has since been revised; the version applicable at the time of the offense provided, in relevant part:

(a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

(1) While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

(continued...)

Ballesteros's sole point of error is that the District Court improperly relied on Plaintiff-Appellee State of Hawai'i's (**State**) Exhibits 4 through 8 in finding him guilty of OVUII 3, when the exhibits "had no relevan[ce] to the OVUII charge other than impermissible propensity evidence," and without that evidence, there was no substantial evidence to support the conviction. While he concedes Exhibits 4 through 8 were relevant, *inter alia*, to "confirm [his] prior convictions for OVUII for sentencing," he argues they could not be relied on to prove he drove while impaired, as such use would violate Hawai'i Rules of Evidence (**HRE**) Rule 404(b).[3]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we affirm for the reasons set forth below.

In State v. Ruggiero, the Hawai'i Supreme Court addressed a dispute over whether the aggravating factors in HRS § 291E-61(b) are elements of the offense that must be charged and proven to a trier of fact beyond a reasonable doubt or are sentencing factors to be considered by the sentencing court. 114 Hawai'i 227, 237-38, 160 P.3d 703, 713-14 (2007), abrogated on other grounds by Christian v. State, 131 Hawai'i 153, 158, 315 P.3d 779, 784 (App. 2013), overruled by Schwartz v. State, 136 Hawai'i 258, 361 P.3d 1161 (2015); see State v. Wagner, 139 Hawai'i 475, 484, 394 P.3d 705, 714 (2017) (distinguishing

---

[2](...continued)
. . . .

(b)  A person committing the offense of operating a vehicle under the influence of an intoxicant shall be sentenced without possibility of probation or suspension of sentence as follows:

. . . .

(3)  For an offense that occurs within five years of two prior convictions for offenses under this section or section 291E-4(a) . . . .

[3]     HRE Rule 404(b) provides, in relevant part:  "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."

Ruggiero, but recognizing its continued validity). The supreme court concluded that the aggravating factors in HRS § 291E-61(b) are not sentencing factors, and though not explicitly categorizing them as "elements," nonetheless found them to be "attendant circumstances that are intrinsic to and 'enmeshed' in the hierarchy of offenses that HRS § 291E-61 as a whole describes," and that due process therefore requires those factors to be alleged in the charging instrument and proven beyond a reasonable doubt at trial. Ruggiero, 114 Hawaiʻi at 238, 160 P.3d at 714. Therefore, the District Court did not err in considering evidence of Ballesteros's prior OVUII offenses in finding him guilty of the offense of OVUII 3, provided such evidence was only considered for the purpose prescribed in Ruggerio.

As to Ballesteros's contention that the District Court improperly considered the prior offenses as impermissible propensity evidence that he drove while impaired, he points to nothing in the record supporting that conclusion other than that the District Court discussed the evidence of impairment and the evidence of prior OVUII offenses in the same paragraph of the trial transcript. In that same paragraph, however, the District Court made the finding that the State had "proven beyond a reasonable doubt the violation of HRS § 291E-61(a)(1)**(b)(3)**." (Emphasis added). Therefore, the District Court was also addressing in that paragraph the attendant circumstances applicable in this case. "[W]here a case is tried without a jury, it is presumed that the presiding judge will have disregarded the incompetent evidence and relied upon that which was competent." State v. Kiese, 126 Hawaiʻi 494, 507, 273 P.3d 1180, 1193 (2012) (citations and internal quotation marks omitted). "This means that when evidence is admissible for a limited purpose, we presume that the judge only considered the evidence for the permissible purpose." State v. Lioen, 106 Hawaiʻi 123, 133, 102 P.3d 367, 377 (App. 2004). Because the evidence of prior OVUII offenses is admissible for limited purposes here, this court must presume it was only considered for

3

those purposes.  While the presumption is rebuttable, Ballesteros points to no evidence in the record to rebut it.  See Kiese, 126 Hawaiʻi at 507 n.7, 273 P.3d at 1193 n.7.

Finally, even if the District Court had improperly considered the prior OVUII offenses as propensity evidence, the conviction would nonetheless be supported by substantial evidence.  The appellate court reviews a sufficiency-of-the-evidence challenge as follows:

> [E]vidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction. . . . .  The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact . . . .  "Substantial evidence" . . . is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion.

State v. Matavale, 115 Hawaiʻi 149, 157-58, 166 P.3d 322, 330-31 (2007) (internal brackets omitted).

Here, the State produced evidence that Ballesteros drove on the wrong side of the road and passed over a directional arrow which should have informed him he was driving in the wrong direction; when asked for his documents, Ballesteros had a "blank stare" and appeared nervous; he "continuously avoid[ed] eye contact," and Officer Janghoon Cho smelled a "moderate to strong" odor of alcohol coming from him when he spoke; he refused to participate in a Field Sobriety Test (**FST**)[4]; Officer Young Kim also smelled a strong odor of alcohol coming from him and observed that his eyes were red and watery; while Ballesteros rode in the back of the police car, the odor of alcohol filled up the cabin and remained there after Ballesteros exited; and during processing, Ballesteros repeatedly said "he was sorry" and that he is "not a perfect person."  Considered in the strongest light

---

[4]     Though not a factor cited by the District Court here, a defendant's refusal to take an FST may be used as substantial evidence to infer guilt of OVUII.  See e.g., State v. Ferm, 94 Hawaiʻi 17, 29, 7 P.3d 193, 205 (App. 2000) (upholding OVUII conviction based, *inter alia*, on trial court's finding that the defendant's refusal to submit to FST was indicative of guilt).

for the prosecution, we find there is substantial evidence in the record supporting Ballesteros's conviction.[5]  See id.

Therefore, IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered June 22, 2020, in the District Court of the First Circuit, Honolulu Division, is hereby affirmed.

DATED: Honolulu, Hawaii, June 28, 2021.

On the briefs:

Brian S. Kim
(Park & Kim, LLLC)
for Defendant-Appellant

Donn Fudo
Deputy Prosecuting Attorney
for Plaintiff-Appellee

/s/ Lisa M. Ginoza
Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge

---

[5]     We do not reach Ballesteros's argument that the traffic violation is attributable to the fact that he is not a U.S. citizen and "likely not wholly familiar with the area and traffic markings," as he failed to raise this argument to the District Court.  See State v. Miyazaki, 64 Haw. 611, 616, 645 P.2d 1340, 1344 (1982) ("[A]n issue not preserved at trial is deemed to be waived.").