**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-19-0000554**
**30-MAR-2022**
**07:55 AM**
**Dkt. 54 SO**

NO. CAAP-19-0000554

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
NUIPITANE C. NAHALEA, also known as
Nuipitane Coen Nahale-A, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
WAI'ANAE DIVISION
(CASE NO. 1DTA-18-00011)


SUMMARY DISPOSITION ORDER
(By: Ginoza, C.J., and Hiraoka and Wadsworth, JJ.)

Defendant-Appellant Nuipitane C. Nahalea, also known as
Nuipitane Coen Nahale-A (**Nahalea**), appeals from the August 2,
2019 Amended Notice of Entry of Judgment and/or Order and
Plea/Judgment (**Amended Judgment**), entered in the District Court
of the First Circuit, Wai'anae Division (**District Court**).[1]
Following a bench trial,[2] Nahalea was convicted of Operating a
Vehicle under the Influence of an Intoxicant (**OVUII**), in
violation of HRS § 291E-61(a)(1), (b)(2) (Supp. 2017).[3]

---

[1] The Honorable Sherri L. Iha presided.

[2] The Honorable Steven L. Hartley presided over the February 22,
2019 trial and entered the February 22, 2019 Notice of Entry of Judgment
and/or Order and Plea/Judgment (**Judgment**).

[3] At the time of the alleged offense, HRS § 291E-61 provided, in
relevant part:

> **Operating a vehicle under the influence of an
> intoxicant.** (a) A person commits the offense of operating
> a vehicle under the influence of an intoxicant if the person
> operates or assumes actual physical control of a vehicle:

On appeal, Nahalea contends that the District Court erred in: (1) shifting the burden of proof to Nahalea; and (2) considering Nahalea's prior conviction for OVUII as propensity evidence.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Nahalea's contentions as follows, and vacate and remand.

Nahalea asserts in his second point of error that the District Court, in finding Nahalea guilty of OVUII, improperly relied upon his prior OVUII conviction as propensity evidence to prove that he was unable to guard against casualty at the time of the January 1, 2018 collision that led to the OVUII charge. We find this issue dispositive.

We recently addressed a similar issue in State v. Ballesteros, CAAP-20-0000472, 2021 WL 2656684 (Haw. App. June 28, 2021). We summarized the relevant legal principles as follows:

> In State v. Ruggerio, the Hawaiʻi Supreme Court addressed a dispute over whether the aggravating factors in HRS § 291E-61(b) are elements of the offense that must be charged and proven to a trier of fact beyond a reasonable doubt or are sentencing factors to be considered by the sentencing court. 114 Hawaiʻi 227, 237-38, 160 P.3d 703, 713-14 (2007), abrogated on other grounds by Christian v. State, 131 Hawaiʻi 153, 158, 315 P.3d 779, 784 (App. 2013), overruled by Schwartz v. State, 136 Hawaiʻi 258, 361 P.3d 1161 (2015); see State v. Wagner, 139 Hawaiʻi 475, 484, 394 P.3d 705, 714 (2017) (distinguishing Ruggerio, but recognizing its continued validity). The supreme court concluded that the aggravating factors in HRS § 291E-61(b) are not sentencing factors, and though not explicitly

_____

        (1)     While under the influence of alcohol in an
                amount sufficient to impair the person's normal
                mental faculties or ability to care for the
                person and guard against casualty[.]

        . . . .

        (b)  A person committing the offense of operating a
    vehicle under the influence of an intoxicant shall be
    sentenced without possibility of probation or suspension of
    sentence as follows:

        . . . .

        (2)     For an offense that occurs within five years of
                a prior conviction for an offense under this
                section or section 291E-4(a):

        [Applicable sentencing provisions].

2

> categorizing them as "elements," nonetheless found them to be "attendant circumstances that are intrinsic to and 'enmeshed' in the hierarchy of offenses that HRS § 291E-61 as a whole describes," and that due process therefore requires those factors to be alleged in the charging instrument and proven beyond a reasonable doubt at trial. Ruggerio, 114 Hawaiʻi at 238, 160 P.3d at 714. Therefore, the District Court did not err in considering evidence of Ballesteros's prior OVUII offenses in finding him guilty of the offense of OVUII 3, provided such evidence was only considered for the purpose prescribed in Ruggerio.

Id. at *1 (emphasis added); see also State v. Murray, 116 Hawaiʻi 3, 21, 169 P.3d 955, 973 (2007) (in a prosecution for abuse of a family member as a class C felony, evidence of the defendant's prior convictions could be used only to prove the prior convictions and was not otherwise to be considered by the jury in determining whether the defendant committed the charged offense).

In Ballesteros, we concluded that the defendant failed to establish that the District Court had improperly considered the defendant's prior offenses as impermissible propensity evidence that he drove while impaired. Id. at *2. We reasoned:

> As to Ballesteros's contention that the District Court improperly considered the prior offenses as impermissible propensity evidence that he drove while impaired, he points to nothing in the record supporting that conclusion other than that the District Court discussed the evidence of impairment and the evidence of prior OVUII offenses in the same paragraph of the trial transcript. In that same paragraph, however, the District Court made the finding that the State had "proven beyond a reasonable doubt the violation of HRS § 291E-61(a)(1) **(b)(3)**." (Emphasis added). Therefore, the District Court was also addressing in that paragraph the attendant circumstances applicable in this case. "[W]here a case is tried without a jury, it is presumed that the presiding judge will have disregarded the incompetent evidence and relied upon that which was competent." State v. Kiese, 126 Hawaiʻi 494, 507, 273 P.3d 1180, 1193 (2012) (citations and internal quotation marks omitted). "This means that when evidence is admissible for a limited purpose, we presume that the judge only considered the evidence for the permissible purpose." State v. Lioen, 106 Hawaiʻi 123, 133, 102 P.3d 367, 377 (App. 2004). Because the evidence of prior OVUII offenses is admissible for limited purposes here, this court must presume it was only considered for those purposes. While the presumption is rebuttable, Ballesteros points to no evidence in the record to rebut it. See Kiese, 126 Hawaiʻi at 507 n.7, 273 P.3d at 1193 n.7.

Id.

Here, in contrast, Nahalea points to the following findings by the District Court as evidence that the court improperly considered the defendant's prior offense as

impermissible propensity evidence:

> THE COURT:  . . . .
>
>          . . . .
>
>          The next question is whether or not you were intoxicated to a degree, to a level, as argued by your counsel, to be unable to guard against damage -- it's called "casualty" -- to yourself or to others.  Okay.  So that's the next step.  And the court finds that even without the standard field sobriety test in this case and without any other reasonable alternative explanations and given the fact that the incident resulted in a -- as everybody agrees, in a horrible accident that could have killed people including yourself, okay, the court takes it very seriously.  Okay. <u>And the fact that this is not a first offense, the court also in the totality of the circumstances must factor that in</u>.  Okay.

(Emphasis added.)

Thus, the District Court explicitly considered "the fact that this is not a first offense" as part of the "totality of the circumstances" in determining that Nahalea operated a vehicle under the influence of alcohol in an amount sufficient to impair his ability to guard against casualty.  And unlike <u>Ballesteros</u>, where the evidence of prior OVUII convictions was discussed in the same paragraph of the trial transcript as the finding of "[a] violation of HRS § 291E-61(a)(1)(b)(3)[,]" here, the court's reference to Nahalea's prior conviction was not part of a discussion of HRS § 291E-61(b)(2) or the attendant circumstance of such a conviction.[4/]  Based on the District Court's statements in finding Nahalea guilty of OVUII, we conclude that Nahalea has rebutted the presumption that the court considered the prior offense for its permissible limited purpose, and instead considered it as impermissible propensity evidence.

Morever, in light of the entire record, we cannot conclude that the District Court's error was harmless beyond a reasonable doubt.  See <u>State v. Jones</u>, 148 Hawaiʻi 152, 170, 468 P.3d 166, 184 (2020).  The District Court expressly identified

---

     [4/]     Rather, immediately after referring to "the fact that this is not a first offense," the court stated:  "And so based on all of that, Mr. Nahalea, I do find that you were operating your vehicle -- and I find this beyond a reasonable doubt -- at the time under the influence of an intoxicant and that because of that, as evidenced by the accident itself, you were unable to guard against harm to yourself and to others given your condition at the time."

only two facts – "the incident resulted in . . . a horrible accident" and "this is not a first offense" – in concluding that Nahalea was intoxicated in an amount sufficient to impair his ability to guard against casualty.  On this record, we cannot conclude there was no reasonable possibility that the error might have contributed to Nahalea's conviction.  See State v. McCrory, 104 Hawaiʻi 203, 210, 87 P.3d 275, 282 (2004).  Accordingly, the Judgment and the Amended Judgment must be set aside.  See id.

Given our disposition, we need not address Nahalea's first point of error.

For the reasons discussed above, we vacate the February 22, 2019 Notice of Entry of Judgment and/or Order and Plea/Judgment and the August 2, 2019 Amended Notice of Entry of Judgment and/or Order and Plea/Judgment, both entered in the District Court of the First Circuit, Waiʻanae Division, and remand the case to the District Court for further proceedings consistent with this Summary Disposition Order.

DATED:  Honolulu, Hawaiʻi, March 30, 2022.


On the briefs:

Alen M. Kaneshiro
for Defendant-Appellant.

Brian R. Vincent,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge