**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000583
25-SEP-2020
07:56 AM**

NO. CAAP-19-0000583

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

IN THE INTEREST OF GH

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-J NO. 0105711)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Chan and Hiraoka, JJ.)

Minor-Appellant GH (Minor) appeals from a June 5, 2019 "Decree Re: Law Violation Petition(s)" (Decree) and July 23, 2019 "Order Re: [Minor's] Motion to Reconsider Adjudication of Minor as a Law Violator and Motion to Reconsider Commitment to the Executive Director of the Office of Youth Services Fld [sic] 6/14/19" entered by the Family Court of the First Circuit (family court).[1]  The family court adjudicated Minor a law violator as to one count of Sexual Assault in the First Degree (Sex Assault 1), in violation of Hawaii Revised Statutes (HRS) § 707-730(1)(b)[2], and two counts of Sexual Assault in the Third Degree (Sex Assault 3), in violation of HRS § 707-732(1)(b)[3], as follows:

---

[1]     The Honorable Bode A. Uale presided.

[2]     HRS § 707-730(1)(b) (2014) provides that "[a] person commits the offense of [Sex Assault 1] if . . . [t]he person knowingly engages in sexual penetration with another person who is less than fourteen years old[.]"

[3]     HRS § 707-732(1)(b) (2014) provides that "[a] person commits the offense of [Sex Assault 3] if . . . [t]he person knowingly subjects to sexual contact another person who is less than fourteen years old or causes such a

- Count 1, Sex Assault 1, by inserting Minor's penis into the complaining witness's (CW) genital opening;

- Count 2, Sex Assault 3, by placing Minor's hand on CW's breast; and

- Count 4, Sex Assault 3, by placing CW's hand on Minor's penis.

Minor argues that the family court erroneously (1) excluded evidence at trial regarding CW's unrelated past sex assault allegations under the "rape shield statute," set forth in Hawaii Rules of Evidence (HRE) Rule 412 (2016),[4] because it was admissible extrinsic evidence of prior inconsistent statements under HRE Rule 613(b) (2016); (2) failed to make a preliminary determination as to the falsity of said allegations; and (3) adjudicated Minor a law violator based on insufficient evidence. We address Minor's arguments out of order for the sake of clarity.

**A.    Evidence of CW's alleged past sex assault allegations was inadmissible under HRE Rule 412.**

HRE Rule 412 provides, in relevant part:

> **Rule 412  Sexual offense and sexual harassment cases; relevance of victim's past behavior.**  (a) Notwithstanding any other provision of law, in a criminal case in which a person is accused of a sexual offense, reputation or opinion evidence of the past sexual behavior of an alleged victim of the sexual offense is not admissible to prove the character of the victim to show action in conformity therewith.
>
> (b) Notwithstanding any other provision of law, in a criminal case in which a person is accused of a sexual offense, evidence of an alleged victim's past sexual behavior other than reputation or opinion evidence is not admissible to prove the character of the victim to show action in conformity therewith, unless the evidence is:
>
> . . .

---

person to have sexual contact with the person[.]"

    [4]    For the sake of simplicity, and consistent with HRE Rule 412(h) ("'[P]ast sexual behavior' means sexual behavior other than the sexual behavior with respect to which a sexual offense . . . is alleged."), we refer to CW's prior sexual assault allegations against people besides Minor as CW's "past sex assault allegations" or "past sex assault claims."

(2)     Admitted in accordance with subsection (c) and is evidence of:

(A)     Past sexual behavior with persons other than the accused, offered by the accused upon the issue of whether the accused was or was not, with respect to the alleged victim, the source of semen or injury[.]

. . . .

(c)(1)     If the person accused of committing a sexual offense intends to offer under subsection (b) evidence of specific instances of the alleged victim's past sexual behavior, the accused shall make a written motion to offer the evidence not later than fifteen days before the date on which the trial in which the evidence is to be offered is scheduled to begin, except that the court may allow the motion to be made at a later date, including during trial, if the court determines either that the evidence is newly discovered and could not have been obtained earlier through the exercise of due diligence or that the issue to which the evidence relates has newly arisen in the case.  Any motion made under this paragraph shall be served on all other parties and on the alleged victim.

. . . .

(h) For purposes of this rule, the term "past sexual behavior" means sexual behavior other than the sexual behavior with respect to which a sexual offense . . . is alleged.

**1.     The family court did not err by failing to make a preliminary determination under HRE Rule 412(c)(1) as to the falsity of CW's alleged past sex assault allegations.**

Minor argues that the family court erroneously failed to make a preliminary determination under HRE Rule 412(c)(1) as to the falsity of CW's past sex assault allegations because, at trial, Minor notified the family court that he intended to introduce evidence of such.  However, as Minor conceded at trial, he did not provide written notice that he intended to introduce the evidence fifteen days prior to trial, as required by HRE Rule 412(c)(1).  Further, Minor has not argued that an exception to the written notice requirement applied.  See HRE Rule 412(c)(1).  Therefore, this point lacks merit.

**2. The family court did not err by ruling that evidence of CW's past sex assault allegations was inadmissible under HRE Rule 412.**

The Hawai‘i Supreme Court has held:

> [W]here a defendant seeks to admit allegedly false statements made by a complainant regarding an unrelated sexual assault, the trial court must make a preliminary determination based on a preponderance of the evidence that the statements are false. Correlatively, where the trial court is unable to determine by a preponderance of the evidence that the statement is false, the defendant has failed to meet his or her burden, and the evidence may be properly excluded.

State v. West, 95 Hawai‘i 452, 460, 24 P.3d 648, 656 (2001).

Citing to West, Minor argues that the family court erroneously found that evidence of CW's past sex assault claims fell within the purview of HRE Rule 412 because the evidence was not of "sexual conduct."[5] However, in West, the Hawai‘i Supreme Court recognized that

> as some courts have explained, where the truth or falsity of a statement regarding an unrelated sexual assault is unknown, it falls within the purview of the rape shield statute and must be analyzed accordingly. To permit reception of evidence which may be true or false would allow circumvention of the rape shield statute because the jury may be tempted to consider evidence about an alleged victim's sexual conduct in order to determine the victim's credibility.

95 Hawai‘i at 459, 24 P.3d at 655 (citations, internal quotation marks, and brackets omitted). The Hawai‘i Supreme Court thus held that when a defendant seeks to admit allegedly false statements by a complainant regarding past sexual assault, the trial court must make a preliminary determination that the statements are false so as to fall outside the reach of the rape shield statute. Id. at 459-60, 24 P.3d at 655-56.

Here, Minor does not dispute the family court's conclusion that CW's "statements [did] not meet the threshold of

---

[5] The actual phrase used in HRE Rule 412 is "past sexual behavior."

falsity."[6]  As the Hawai'i Supreme Court emphasized in <u>West</u>, "fact-finding is the fundamental responsibility of the judge of the facts at trial" and, therefore, the appellate court is not to decide factual questions de novo.  95 Hawai'i at 461, 24 P.3d at 657.  We are thus bound by the family court's finding that falsity was not shown.

Further, as in <u>West</u>, even though the family court did not make a preliminary determination of falsity, the court may affirm the Decree based on the family court's finding that falsity was not shown.  Because Minor did not demonstrate that CW's alleged past sex assault claims were false, evidence regarding them fell within the purview of HRE Rule 412.  <u>See</u> <u>id.</u> at 460, 24 P.3d at 656.  Minor sought to introduce the evidence to prove CW's character for untruthfulness to show that her allegations against Minor were in conformity therewith; therefore, the family court properly excluded the evidence.  <u>See</u> HRE Rule 412(a).

### 3.  **The testimony was inadmissible under HRE Rule 613**.

Minor argues that the family court erred by refusing to admit evidence of CW's past sex assault allegations under HRE Rule 613(b).[7]  However, as Plaintiff-Appellee State of Hawai'i (State) argues, HRE Rule 412(a) and (b) are introduced by the phrase, "Notwithstanding any other provision of law."  Based on its plain language, HRE Rule 412 prevails over any other provision of law, including HRE Rule 613.

---

[6]     In his offer of proof, Minor argued his intention in proffering the evidence was not to show that the past sex assault claims were false but rather to show that CW's initial report that people other than Minor had sexually assaulted her was inconsistent with her statement to police.

[7]     HRE Rule 613(b) provides in relevant part:

> Extrinsic evidence of a prior inconsistent statement by a witness is not admissible unless, on direct or cross-examination, (1) the circumstances of the statement have been brought to the attention of the witness, and (2) the witness has been asked whether the witness made the statement.

Furthermore, as the State maintains, the requirements of HRE Rule 412 cannot be circumvented by satisfaction of a rule of evidence of general applicability. HRE Rule 412 is a law of specific application, whereas HRE Rule 613 is a law of general application. See HRE Rules 412, 613. "Where a plainly irreconcilable conflict exists between a law of general application and a law of specific application concerning the same subject matter, the specific authority will be favored." State v. Wallace, 71 Haw. 591, 594, 801 P.2d 27, 29 (1990) (internal quotation marks omitted) (quoting State v. Greyson, 70 Haw. 227, 235, 768 P.2d 759, 763-64 (1989)).

The family court did not err by excluding evidence of CW's past sex assault allegations notwithstanding HRE Rule 613, because the evidence fell within HRE Rule 412.

**B.   There was sufficient evidence to support the Decree.**

Minor argues in a conclusory fashion that the family court erroneously adjudicated Minor a law violator based on insufficient evidence. We disagree.

As to Count 1, CW testified that when she was nine years old, Minor put his penis inside of her vaginal area and moved his body back and forth, hurting the inside of her vagina. See HRS § 707-730(1)(b). For Count 2, CW testified that when she was nine years old, Minor put his hand on her breast and squeezed. See HRS § 707-732(1)(b). For Count 4, CW testified that when she was nine years old, Minor put CW's hand on Minor's penis and moved it up and down. See HRS § 707-732(1)(b). The family court found CW to be a credible witness, and we decline to pass upon the family court's credibility determination. See In re Doe, 106 Hawaiʻi 530, 537 n.3, 107 P.3d 1203, 1210, n.3 (App. 2005).

Therefore, IT IS HEREBY ORDERED that the June 5, 2019 "Decree Re: Law Violation Petition(s)" and the July 23, 2019 "Order Re: [Minor's] Motion to Reconsider Adjudication of Minor as a Law Violator and Motion to Reconsider Commitment to the

Executive Director of the Office of Youth Services Fld [sic] 6/14/19," both entered by the Family Court of the First Circuit, are affirmed.

DATED: Honolulu, Hawaiʻi, September 25, 2020.

On the briefs:

Chad M. Kumagai,
for Plaintiff-Appellee.

Walter J. Rodby,
for Defendant-Appellant.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Derrick H. M. Chan
Associate Judge

/s/ Keith K. Hiraoka
Associate Judge