**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000144
22-AUG-2025
08:53 AM
Dkt. 52 SO**

NOS. CAAP-23-0000144, CAAP-23-0000145,
CAAP-23-0000146, and CAAP-23-0000147

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
MICHAEL K. THOMPSON, Defendant-Appellant.

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CASE NOS. 5FFC-22-0000054, 5FFC-22-0000056,
5FFC-22-0000058, and 5FFC-22-0000059)

SUMMARY DISPOSITION ORDER
(By: Wadsworth, Presiding Judge, McCullen and Guidry, JJ.)

Defendant-Appellant Michael K. **Thompson** appeals from

the Circuit Court of the Fifth Circuit's February 23, 2023

judgments of conviction in four cases, which were consolidated

on appeal.[1]  On appeal, Thompson challenges his sentence,

asserting the circuit court considered uncharged allegations and

imposed an illegal geographic restriction.  We vacate the

portion of Thompson's sentence establishing a geographic

---

[1]  The Honorable Randal G.B. Valenciano presided.

restriction and remand with instructions to establish a restriction that complies with this summary disposition order.

For a brief procedural background, Plaintiff-Appellee **State** of Hawaiʻi charged Thompson with one count of Abuse of Family or Household Members (5FFC-22-59). Stemming from that abuse incident, a temporary restraining order (**TRO**), and then a two-year order for protection, was issued against Thompson. Thompson violated those orders resulting in six additional cases — two for violating the TRO (5FFC-22-54, -58) and four for violating the protective order (5FFC-22-55, -56, -57, -60).

Thompson and the State reached a plea agreement under which Thompson would plead guilty or no contest to Assault in the Third Degree for the abuse charge (5FFC-22-59) and plead guilty or no contest to Criminal Contempt of Court in the two TRO cases (5FFC-22-54, -58) and one of the protective order cases (5FFC-22-56). In return, the State would dismiss the three remaining protective order cases (5FFC-22-55, -57, -60), agree to a one-year term of probation and credit for time served, and not object to transferring probation supervision to Utah and a deferral.

In conformance with the agreement, the circuit court sentenced Thompson to a one-year term of probation in each case, with all terms running concurrently. However, the circuit court

deviated from the plea agreement in that it included, as conditions of probation, three days in jail[2] and "a geographic restriction whereby [Thompson was] not to pass the intersection of Puhi Road and [Kaumualiʻi] Highway in [Līhuʻe]." Thompson appealed.

On appeal, Thompson contends the circuit court "erred in considering the unproven, uncharged allegations in determining its sentence and in imposing a geographic restriction which was unconstitutional and illegal." (Formatting altered.)

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as discussed below and vacate in part.

**(1)** Thompson contends the circuit court erred in considering "unproven, uncharged allegations" made by Thompson's wife at sentencing and by Thompson's wife and her former employer, Teresa **Daher**, in the presentence report.

A presentence report must include, among other things, "[a]n analysis of the circumstances attending the commission of the crime[,]" and "[i]nformation made available by the victim or

---

[2] The circuit court sentenced Thompson on February 23, 2023, and ordered Thompson be "confined in jail" with release set for February 26, 2023, at 5:00 p.m.

other source concerning the effect that the crime committed by the defendant has had upon said victim, including but not limited to, any physical or psychological harm or financial loss suffered[.]" Hawaiʻi Revised Statutes (**HRS**) § 706-602(1)(a), (c) (2014) (emphasis added). These factors, however, "constitute a minimum of the information which should be before the sentencing judge" and "[a]dditional matters may be included by the presentence investigator." HRS § 706-602 cmt.

"A defendant is protected against the inclusion of unfounded facts, derogatory information, statements and conclusions by the provision of [HRS § 706-604 (Supp. 2022)] providing for notice and opportunity to controvert." Id.; HRS § 706-604. "[A] court may not rely on information, even when it is contained in a presentencing report, which is false or lacks sufficient indicia of reliability." State v. Kahawai, 103 Hawaiʻi 462, 466, 83 P.3d 725, 729 (2004); see also United States v. Safirstein, 827 F.2d 1380, 1387 (9th Cir. 1987) ("A sentence must be vacated if the district court demonstrably relies upon false or unreliable information.").

"It is well established that a judge is presumed not to be influenced by incompetent evidence[.]" State v. Barros, 105 Hawaiʻi 160, 171, 95 P.3d 14, 25 (App. 2004) (quoting State v. Antone, 62 Haw. 346, 353, 615 P.2d 101, 107 (1980)). And

4

"the normal rule is that if there is sufficient competent evidence to support the judgment or finding below, there is a presumption that any incompetent evidence was disregarded and the issue determined from a consideration of competent evidence only." Id. (quoting State v. Gutierrez, 1 Haw. App. 268, 270, 618 P.2d 315, 317 (App. 1980)).

Here, Thompson pled no contest to disobeying the TRO on two occassions and disobeying the protective order on one occassion, all after causing his wife bodily injury. Following the change of plea, the court ordered a presentence report be prepared. The presentence report included a letter from Thompson's wife and a letter from Daher.

At sentencing, the court asked if Thompson and his counsel had an adequate opportunity to review the presentence report, to which Thompson's counsel replied, "Yes, Your Honor." The court asked if there were any additions or corrections needed, and Thompson's counsel replied, "No corrections, Your Honor."

The circuit court then raised a concern regarding Daher's letter trying to usurp the court's authority; Thompson's counsel moved to strike Daher's letter, and the court denied the motion:

> [Circuit Court]: . . . I'm looking at the [presentence report], which included the statement from Ms. Thompson and somebody else. I'm not sure who that person is. I'm not even sure why they allowed that person to submit that report. And so somebody named Daher.
>
> [Thompson's Counsel]: I -- I don't see why that's included as well. I don't think that person is a party.
>
> [Circuit Court]: That person almost like was trying to usurp the Court's authority. And so I have issues with that.
>
> [Thompson's Counsel]: So I guess I would move to strike it at this point.
>
> [Circuit Court]: I'm going to leave it in, . . . but I did have concern about the nature of the statement received. I'm not even sure why that person was involved in this.

(Formatting altered.)

The circuit court asked if Thompson himself had an adequate opportunity to review the presentence report, and Thompson replied he did. The circuit court asked if Thompson wanted to make any additions or corrections, and Thompson replied, "No, sir."

Thompson did not request changes to the presentence report, except to strike Daher's letter, the denial of which he does not challenge on appeal. Rightfully so, as HRS § 706-602(1)(c) permits information from an "other source" regarding the effects of the crime on a complaining witness.

The circuit court stated it read everything in the presentence report. The circuit court did not err in reading the entire presentence report.

6

As Thompson points out, the circuit court also stated it was concerned about "continuing contact," "continuing violations," and "some of the allegations." Thompson was convicted of contempt based on disobeying the TRO twice and disobeying the protective order, both of which prohibited contact with his wife and coming within 100 yards of her residence or place of employment. These contacts were "continuing contact" and "continuing violations." Thompson was also convicted of assaulting his wife. Altogether, these convictions were based on "allegations" made by Thompson's wife. Thus, the convicted acts support the circuit court's statements.

Because the convicted acts support the circuit court's statements, the presumption that the circuit court disregarded incompetent evidence applies. And nothing in the record expressly shows the circuit court considered uncharged allegations. Thus, Thompson does not rebut the presumption that the court disregarded any incompetent evidence.

**(2)** Thompson also contends the circuit court's "geographic restriction which required [him] to move out of his residence was illegal and unconstitutional." (Formatting altered.) Thompson acknowledges the circuit court may impose geographic restrictions as a condition of probation. But he argues that, "in order to pass constitutional muster (i.e. not

violate an individual's constitutional rights to freedom of movement and freedom of association) restrictions such as geographic restrictions must be 'narrowly tailored.'"

As a condition of probation, the circuit court may order a defendant to "refrain from residing in a specified place or area" and "[r]efrain from entering specified geographical areas without the court's permission[.]" HRS § 706-624(2)(k), (m) (Supp. 2016).

These conditions must be "reasonably related to the factors set forth in section 706-606 [(2014)]" and "involve only deprivations of liberty or property as are reasonably necessary for the purposes indicated in section 706-606(2)[.]" HRS § 706-624(2). HRS § 706-606 requires the court to consider certain factors when imposing a sentence, including the offense circumstances, the defendant's history, and the need to provide deterrence and protection:

> **§ 706-606 Factors to be considered in imposing a sentence.**
>
> The court, in determining the particular sentence to be imposed, shall consider:
>
> (1)  The nature and circumstances of the offense and the history and characteristics of the defendant; [and]
>
> (2)  The need for the sentence imposed:
>
> > (a)  To reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense;

8

        (b)     To afford adequate deterrence to criminal conduct; [and]

        (c)     To protect the public from further crimes of the defendant[.]

HRS § 706-606 (formatting altered).

To summarize, we must consider whether the court (1) specified the restricted area, (2) provided a means for obtaining court permission to enter the restricted area if needed, (3) set conditions that were reasonably related to the HRS § 706-606 factors, and (4) narrowly tailored the conditions to involve only deprivations reasonably necessary for the purposes of HRS § 706-606(2).

First, the court did not establish the geographic restriction with specificity. The written terms and conditions of probation required Thompson "not to pass the intersection of Puhi Road and [Kaumualiʻi] Highway in [Līhuʻe]." This is merely one point on a map. One point on a map is insufficient to establish a specific geographic area. Instead, the geographic restriction should be "sufficiently definite such that the average person is provided adequate notice of what behavior is prohibited." State v. Stanford, 79 Hawaiʻi 150, 154, 900 P.2d 157, 161 (1995).

9

Second, the written terms and conditions of probation did not provide a means for Thompson to obtain permission to enter the restricted area should it be necessary.

Third, setting a geographic restriction appears reasonably related to the HRS § 706-606 factors. The circuit court considered the "continuing violations" and that Thompson's wife resided and worked between Poʻipū and Kalāheo. The circuit court stated it was "trying to avoid a situation where we get additional allegations of contact." The circuit court also stated it needed "to find some way to assure that people are safe" and to "maintain[] distance between [Thompson] and the complaining witness." Based on these statements, the circuit court demonstrated that a geographic restriction was reasonably related to promoting respect for the law, affording adequate deterrance from continued violations, and protecting Thompson's wife.

Last, without a specific geographic area, we are unable to determine whether the area was narrowly tailored to "involve only deprivations of liberty or property as are reasonably necessary for the purposes indicated in section 706-606(2)[.]" HRS § 706-624(2).

Thus, the circuit court abused its discretion as to the geographic restriction.

Based on the foregoing, we vacate the portion of Thompson's sentence establishing the geographic restriction and remand with instructions to establish a geographic restriction that complies with this summary disposition order.  We otherwise affirm.

DATED:  Honolulu, Hawaiʻi, August 22, 2025.

On the briefs:

Richard H.S. Sing,
for Defendant-Appellant.

Tracy Murakami,
Deputy Prosecuting Attorney,
County of Kauaʻi,
for Plaintiff-Appellee.

/s/ Clyde J. Wadsworth
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge